Commonwealth *v.* Harrison, Appellant.

Argued December 5, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Arthur M. Toensmeier,* for appellant.

*James Garrett,* Assistant District Attorney, with him *James T. Ranney* and *David Richman,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., June 21, 1974:

This case involves a sale of narcotics to a police officer. After an adequate colloquy, appellant waived a jury trial. As pointed out in the opinion of the court below, the case comes down to the question of whether to believe the arresting officer or appellant. There was, however, some question as to the identity and role of

an informant. The first person to testify was the arresting officer, who described the sale, the arrest, and what was found. The defense strategy appears to have been to expose the informant, and a person thought to be the informant appeared under a defense subpoena. During cross-examination of the officer, the following occurred: "Q. Now, have you seen the informant here in Court? A. No, I haven't. Q. You haven't? A. No. Q. That's just as true as the rest of your testimony. THE COURT: That's stricken from the record. You will not make those kind of assertions to our police. MR. LEIDNER [defense counsel]: I can ask a question. THE COURT: Mr. Leidner, you do not have to insult a police officer. MR. LEIDNER: I am not insulting him. THE COURT: You are in my opinion. You will apologize to him. MR. LEIDNER: I will not apologize. THE COURT: That's your department. If you want [sic; "don't want" evidently intended] to hurt your client's case, you better apologize. MR. LEIDNER: I will apologize as an individual, but not as an advocate. THE COURT: That's not being an advocate when you did what you did. MR. LEIDNER: I asked him. THE COURT: If you think this officer is not telling me the truth, I want to take it to the Commissioner. MR. LEIDNER: No, I can't do that, I will take it to a polygraph machine, the police polygraph. THE COURT: You can't do that, they won't let you. BY MR. LEIDNER: Q. Now, there is no question in your mind this took place outside Jones's Bar at—you didn't mention Jones's Bar, did you? A. All the action took place outside. Q. But that's the corner at 24th and Berks. A. Right. Q. And as I understand it, the two packets you found in his possession when you searched him—if it will appease Your Honor, I will apologize because I don't think I should militate against my client. THE COURT: I don't quarrel with whether you think it's true or not and I don't really quarrel, I'm supposed to call the shots, but I don't have

to have any witness personally abused, whether it's a Commonwealth witness or a defense witness and I won't let it happen in my Court, it's as simple as all that. I abuse enough people on my own. MR. LEIDNER: Shots should be called as they are seen. THE COURT: That's right, there is a way of doing it and a way of not doing it. MR. LEIDNER: All right. I apologize."

Appellant is entitled to a new trial because of this display of the trial judge's attitude.

In *Commonwealth v. Horvath*, 446 Pa. 11, 285 A. 2d 185 (1971), the defendant was granted a new trial for two independently sufficient reasons, one of which was the manner in which the trial judge had reprimanded defense counsel in front of the jury. Speaking for the court (one justice not participating), Mr. Justice O'BRIEN said: "When a judge subjects counsel for one of the litigants to undeserved oral criticism, the delicate balance upon which [a fair impartial jury trial] depends may be affected. The jury is bound to remember the incident and the danger is too great that the party represented by the lawyer thus criticized may be prejudiced." *Id.* at 18, 285 A. 2d at 188. This principle is ingrained in our concept of what a trial should be. "While attorneys are expected to maintain a respectful attitude toward the court, the latter should be equally careful to treat counsel with proper courtesy and avoid every appearance of prejudice which might incline to influence the jury." *Commonwealth v. Stallone*, 281 Pa. 41, 44, 126 A. 56, 58 (1924) (new trial ordered on this and other grounds).

Although the cases dealing with a trial judge's conduct generally involve jury trials,[1] the principle they

---

[1] The Code of Judicial Conduct, effective January 1, 1974, makes no such distinction: "A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Canon 2, A.

express cannot be limited to jury trials. If anything, it is more compelling in a non-jury trial. If it is ground for a new trial that a judge has conducted himself in such a way as *might* influence the jury to render a verdict that is not impartial, it certainly is ground for a new trial when a judge sitting as a jury demonstrates that he is *in fact* not impartial but is predisposed to believe any police officer. The apology at the end of the quoted colloquy indicates only a return to civility; it does not indicate that the opinions expressed had been mistaken or incorrect.

When a defendant waives a jury trial he does so on the trust that the judge will act with the impartiality presumed in a jury. Indeed, he may well expect (as we should hope) that the judge will be more impartial than a jury might be. No factfinder, especially a judge, should presume any class of witnesses to be more truthful than another, or else the presumption of innocence and the right to confront and cross-examine witnesses are destroyed. To presume that any police officer called by the Commonwealth is truthful unless "the Commissioner" has determined otherwise, and to tell defense counsel that his client's case may hinge on an apology, constitutes such a display of partiality as to constitute basic and fundamental error.

Reversed and remanded for a new trial.

WATKINS, P. J., and JACOBS, J., dissent.

WRIGHT, P. J., and SPAULDING, J., took no part in the consideration or decision of this case.