440 A.2d 630

**COMMONWEALTH of Pennsylvania**

v.

**Elizabeth HUBERT, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1981.

Filed Jan. 29, 1982.

Wieand, J., concurred in result.

to be sufficient even though the code provisions were not specifically cited.

William Scarpitti, Erie, for appellant.

Paul Susko, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and BECK, JJ.

BECK, Judge:

Appellant, Elizabeth Hubert, was tried without a jury for the offense of Retail Theft, a summary offense, 18 Pa.C.S.A. § 3929. She was fined $15. She contends she was denied a fair and impartial trial in the lower court because the judge disclosed his conclusion prior to the completion of the case. We do not find merit in the appellant's argument and we affirm the lower court.

A person is guilty of a Retail Theft if he or she "transfers any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment from the container in or on which the same shall be displayed to any other container with intent to deprive the merchant of all or some of the full retail value thereof . . . ." 18 Pa.C.S.A. § 3929(a)(3). See also *Commonwealth v. Shapiro*, 223 Pa.Super. 15, 297 A.2d 161 (1972).

The appellant in her testimony admitted that she put a package of razor blades and a small jar of dried roast beef in her purse. She further admitted that at the time she transferred these items to her purse, she did not intend to pay for them. She added, however, that she then felt embarrassed and intended to put them back or tell a clerk about them. She was apprehended before she did either.

The appeal is based upon the appellant's contention that the presiding judge denied her a fair and impartial trial when he disclosed his conclusion prior to completion of defendant's case. After appellant had admitted the taking and the concealment with intent not to pay for the items, the following exchange, which is the subject of this appeal, took place:

MR. SCARPITTI (appellant's counsel):

Q. Have you had trouble with Super Duper in the past on occasions?

A. Several times.

Q. What were those problems?

JUDGE MC CLELLAND: No, I'm not interested in that. I mean she's admitted it.

MR. SCARPITTI: Well, your Honor, our defense is renunciation.

JUDGE MC CLELLAND: No, no, I'm not going to do anything to her, but I'm not going to find her not guilty under these circumstances. She's admitted it.

MR. SCARPITTI: But, Your Honor, our defense would be that even though she had put them in her purse, she intended to put them back and she had not gone through the cashiers yet.

JUDGE MC CLELLAND: It doesn't appeal to me in the least. You can say it if you wish to, but after she admits it, there's no way she's not going to be found not guilty. I don't intend to put her in jail or anything.

MR. SCARPITTI: I understand your Honor, but it would be our position that renunciation—

JUDGE MC CLELLAND: That may be true, but I don't believe her. I heard what she said, I don't believe she intended to put them back. (N.T. 8, 9)

After this exchange, appellant's counsel requested and was granted permission to continue with the testimony. Appellant testified that she did not intend to take the items out of the store. She testified that she decided to put the items back "[a]s soon as I had done it," that she "wanted" to

tell the clerk that she had taken the items, return the items, clear her conscience and leave the store. (N.T. 10).

In addition, the defense then called four persons who attempted to buttress appellant's renunciation defense by testifying to her reputation for truthfulness in the community.

After the defense rested its case, Judge McClelland stated, "I don't doubt she's [the appellant] a nice woman, and I don't doubt that she'd ever do anything of that sort again ... but I can't overlook it, when she admits she did it. Even if she's the finest woman in the world, I believe all you people, you can't just say not guilty and set her free." (N.T. 16).

It certainly would have been preferable for the trial judge to have accepted the testimony of renunciation, or in the alternative, to have rejected that testimony as unnecessary without stating his personal views as to the appellant's guilt or innocence. See *Commonwealth v. Harrison*, 228 Pa.Super. 412, 323 A.2d 72 (1974); *Commonwealth v. Myma*, 278 Pa. 505, 123 A. 486 (1924). These statements by the trial judge, however, did not deny the appellant a fair and impartial trial.

The trial judge would have been justified in refusing to hear any testimony on renunciation, because the crime of Retail Theft precludes the defense of renunciation. The plain language of the statute, which seeks to deter shoplifting, provides that the crime of Retail Theft is complete at the moment when a person takes possession of an item with the requisite intent. Moreover, the Pennsylvania Crimes Code establishes renunciation as a defense to only three crimes, and each of these crimes, Criminal Attempt, Criminal Solicitation, and Criminal Conspiracy, is designated as an inchoate crime. 18 Pa.C.S.A. §§ 901(c), 902(b), 903(f).[1]

1. In providing for a defense of renunciation to the crimes of Criminal Attempt, Criminal Solicitation and Criminal Conspiracy, the Pennsylvania Crimes Code follows the Model Penal Code, §§ 5.01(4), 5.02(3), 5.03(6). Neither the Model Penal Code nor the Crimes Code provides for renunciation as a defense to any other crime.

610

*Commonwealth v. Gaithers*, 13 D.&C.3rd 668 (1978), *aff'd per curiam*, 271 Pa.Super. 624, 422 A.2d 683 (1979).

This court concludes that the judge heard appellant's full testimony on the question of her guilt or innocence. The testimony as to renunciation was irrelevant to that issue. The judge, however, considered the appellant's renunciation testimony, including that of her character witnesses, in imposing her penalty. He fined appellant $15 for a summary offense. By statute, he was empowered to fine her up to $300. 18 Pa.C.S.A. § 1101(6).

The order of the court below is affirmed.

WIEAND, J., concurs in the result.