## Commonwealth *v.* Shapiro, Appellant.

Submitted September 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Arthur L. Jenkins, Jr.* and *Smith, Aker, Grossman, Hollinger and Jenkins,* for appellant.

*J. David Bean* and *Stewart J. Greenleaf,* Assistant District Attorneys, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., November 16, 1972:

Appellant contends that his shoplifting conviction should be reversed because the Commonwealth's evidence was insufficient to establish that appellant possessed the requisite intent needed for conviction.

The appellant was charged with shoplifting a box of bushings from the Sears and Roebuck department store in Norristown.

When a verdict of guilty is rendered, the court, in determining whether or not to set aside the conviction, must review all the evidence in the light most favorable to the prosecution which by reason of the verdict, is entitled to all reasonable inferences arising therefrom. *Commonwealth v. Tabb,* 417 Pa. 13, 207 A. 2d 884 (1965); *Commonwealth v. Moore,* 398 Pa. 198, 157 A. 2d 65 (1959). A conviction, however, will not be sustained unless the facts prove all the requisite elements of the crime beyond a reasonable doubt. *Commonwealth v. Zimmerman,* 214 Pa. Superior Ct. 61, 251 A. 2d 819 (1969).

In order to convict an individual of shoplifting, the Commonwealth must establish that the accused *wilfully* took possession of the goods in question with the intent of converting these goods to his own use without paying the purchase price. June 24, 1939, P. L. 872, §816.1, added July 5, 1957, P. L. 501, §1; as amended December 30, 1959, P. L. 2062, §1; as amended November 10, 1965, P. L. 707, §2; November 30, 1967, P. L. 663, §1; July 31, 1968, No. 285, §1 (18 P.S. §4816.1). An intent to convert is presumed to exist when the goods are found concealed on the person of

the accused. "The finding of such unpurchased goods or merchandise *concealed*, upon the person or among the belongings of such person, shall be prima facie evidence of wilful concealment." 18 P.S. §4816.1. (emphasis added.) Thus, the element of intent is normally provided by the circumstantial evidence of finding the goods concealed on the party. "Where conviction must be based on circumstantial evidence . . ., the theme of guilt must flow from the facts and circumstances and be consistent with them all." *Commonwealth v. Zimmerman*, supra; *Commonwealth v. Clinton*, 391 Pa. 212, 137 A. 2d 463 (1958).

In the instant case, the Commonwealth's evidence does not establish that the appellant possessed the intent needed to commit the offense. Although the element of intent is presumed to exist where the accused has concealed the item in question, the presumption cannot be applied herein because the box of bushings allegedly taken was in plain view. The testimony is as follows: Defense Attorney: "Q. All right. Was it your opinion at the time that he was hiding this box?" Sears & Roebuck Security Manager: "A. It looked to me like the way he was carrying it with the bag on the outside and the bushing box between the bag and his trousers, it looked to me like he was trying to conceal it, yes. Q. But during that thirty or forty-minute period, you didn't stop him and ask him for a receipt, did you? A. No, I did not, because as far as I was concerned, at that time he was still shopping in that department, and I was just observing him. *As long as I could see the template box, I wasn't worrying about it.* Q. You could see the template box, couldn't you? A. (*Witness nodded head*)" (emphasis added).

Neither does the remainder of the evidence establish beyond a reasonable doubt that appellant possessed the requisite intent. The prosecutor's sole wit-

ness was the security manager of the Sears store from which the box was allegedly taken. This witness' testimony actually corroborated appellant's testimony. The security manager's description of appellant's activities in the store coincides with appellant's recital of these events. The appellant, however, set forth several additional facts with regard to his mental state. From the day in question appellant has consistently offered the same explanation for his failure to pay for the box of bushings. Shortly after being stopped by the security manager, appellant gave a written statement that he had mistakenly left the store without making payment. His oversight was prompted by appellant's uncertainty as to whether or not he needed the bushings for some home repairs. Appellant picked up the box as he thought over the proposed purchase, but he forgot that he still had the bushings when he continued to browse through the store.

The key factor in the trial judge's verdict is his inability to believe that appellant's explanation for being unable to produce a receipt on the day in question for a box of nuts and bolts purchased in the store on that day.[1] Such a finding flies in the face of a stipulation which admits that all items other than the box of bushings had been fully paid for by the appellant. The stipulation confirms appellant's claim that the receipt had been mislaid in the face of the confusion and emotional stress prompted by the incident.

In a case such as this one where intent and credibility are the decisive factors leading to either acquittal or conviction, the accused's reputation is of paramount importance. Indeed, evidence of good character may,

---

[1] Although the appellant's purchase of the nuts and bolts was initially questioned, the purchase was later verified by a store clerk.

in spite of all evidence to the contrary, raise a reasonable doubt in the minds of the jury. *Commonwealth v. Stoner*, 265 Pa. 139, 108 A. 624 (1919). The parties in the instant matter stipulated that the appellant, a Univac executive with an unblemished record, was of good character.

The verdict of guilty is against the weight of the evidence. The element of intent has not been proven beyond a reasonable doubt. This element cannot be provided by the judge disregarding stipulated facts especially when the greatest part of appellant's testimony was corroborated by the prosecution's own witness.

The conviction is reversed.

WRIGHT, P. J., WATKINS and SPAULDING, JJ., dissent.