368 A.2d 738

**COMMONWEALTH of Pennsylvania**

v.

**Dorothy D. BONN, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 16, 1976.

Decided Dec. 15, 1976.

Frank W. Mulderig, Pittston, for appellant.

Richard J. Shiroff, Asst. Dist. Atty., and John E. Gallagher, Dist. Atty., Easton, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from a conviction for retail theft under the Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 C.P.S.A. § 3929.

Appellant, Dorothy D. Bonn, was completing some Christmas shopping in the K–Mart Store, Bethlehem, Pennsylvania, when Frank Connors, a K–Mart security guard, saw her place a packaged bra in her purse. She then placed the open purse in the seat part of the shopping cart, which contained other merchandise she had selected, and continued her shopping. A short time later Mr. Connors approached Mrs. Bonn and informed her that he had seen her place the bra in her purse. She had not yet gone through the check-out line or attempted to leave the store. Because Mrs. Bonn's purse was not closed, the package with the $1.97 price tag attached was visible to Mr. Connors when he stopped Mrs. Bonn. At Mr. Connors' request, she accompanied him to the security office where she denied any intent to take the bra without paying for it.

At the hearing appellant testified that she was preoccupied and upset while she was shopping. Her mind was on her mother, dying of cancer in a local hospital, and

she did not realize what she was doing when she put the bra in her purse. She testified she had no intention of taking the bra but had taken her wallet out of her purse to check a shopping list and her money. The package with the bra was in her hand, and without realizing what she was doing, she put the package in her purse when she put the wallet back.

Appellant claims the Commonwealth failed to prove beyond a reasonable doubt an essential element of the offense of retail theft. She asserts a lack of sufficient proof to establish her intent to deprive the store of its property without payment. The test of the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth, the trier of fact could reasonably have found all the elements of the crime had been established beyond a reasonable doubt. *Commonwealth v. Smallwood,* 465 Pa. 392, 350 A.2d 822 (1976) ; *Commonwealth v. Robson,* 461 Pa. 615, 337 A.2d 573 (1975) ; *Commonwealth v. Moore,* 226 Pa.Super. 32, 311 A.2d 704 (1973). The Commonwealth may sustain this burden by means of wholly circumstantial evidence, though it cannot rest solely on mere suspicion or conjecture. *Commonwealth v. Goodman,* 465 Pa. 367, 350 A.2d 810 (1976) ; *Commonwealth v. Cimaszewski,* 447 Pa. 141, 288 A.2d 805 (1972) ; *Commonwealth v. Stevens,* 237 Pa.Super. 457, 352 A.2d 509 (1976).

The only circumstantial evidence in the instant case was the observation of the placement of the bra in the purse and the finding of it in the open purse. To prove beyond a reasonable doubt her intent to shoplift the property, the Commonwealth relied on the statutory presumption set out in 18 C.P.S.A. § 3929(c) which provides:

"Any person intentionally concealing unpurchased property of any store or other mercantile establishment, either on the premises or outside the premises of such store, shall be prima facie presumed to have so

**318**

concealed such property with the intention of converting it to his own use without paying the purchase price thereof within the meaning of subsection (a) of this section, and the finding of such unpurchased property concealed, upon the person or among the belongings of such person, shall be prima facie evidence of intentional concealment . . . "

■ In certain situations a statutory presumption or standardized inference is an evidentiary device which may be available to assist the Commonwealth in proving an element of the offense beyond a reasonable doubt. *Commonwealth v. DiFrancesco*, 458 Pa. 188, 329 A.2d 204 (1974); *Commonwealth v. Turner*, 456 Pa. 116, 317 A.2d 298 (1974). A presumption of fact arises only when the prosecution establishes the existence of facts upon which the presumption is based. *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A.2d 727 (1972); *Commonwealth v. Brown*, 229 Pa.Super. 156, 323 A.2d 345 (1974). The fact upon which the instant presumption rests is the *concealment* of unpurchased merchandise among a person's belongings. Unless it can be shown that the property was concealed, the presumption does not come into effect.

■ In the instant case the Commonwealth did not sufficiently establish that the property was concealed. The security guard testified he could see the package with the price tag intact in the top of the purse when he approached appellant. The open purse had a broken zipper and could not be closed and the package in the purse was not covered by anything. None of appellant's other activity could support a finding of intent to take the property. She did not attempt to leave the store without paying for the merchandise.

The only case we have found which discusses the question of the sufficiency of the evidence and the statutory presumption as to proof of intent to commit retail theft is *Commonwealth v. Shapiro*, 223 Pa.Super. 15, 297 A.2d

161 (1972). The circumstances of the instant case do not so strongly indicate an intent to deprive the store of its merchandise as the facts did in *Shapiro*. Yet, in *Shapiro*, we held that the evidence was insufficient to show that the property was concealed because it was in plain view and so the presumption could not be used to prove intent. In that case Mr. Shapiro was holding the merchandise, a box of bushings, in his hand between a bag and his trousers. Pre-occupied, trying to recall what he needed for the home repairs he planned to make, he forgot he had the box in his hand. After wandering around the hardware department for thirty or forty minutes he walked out of the store with the box. The security manager testified that he watched Mr. Shapiro as he wandered about the store. He said he believed the box was being concealed although he could see it. This court reversed his conviction under the applicable principles prior to Act of December 6, 1972, P.L. 1482, No. 334, § 18 C.P.S.A. § 3929, supra, which had similar presumptions.

Since the Commonwealth did not establish facts sufficient to show the property was concealed among appellant's belongings, it did not establish the fact upon which the presumption is based and the presumption is, therefore, unavailable. When the presumption is not available, guilt may still be proved by other evidence including circumstantial evidence. But here, without the use of the presumption there was no other evidence of appellant's intent. The Commonwealth failed to prove an essential element of the offense, appellant's intent to deprive the store of its property, beyond a reasonable doubt.[1]

For the foregoing reasons, the judgment of the court below is reversed and appellant is discharged.

---

1. Appellant raises two other questions in support of reversal, but in light of the disposition on the first question, it is not necessary to reach them.