402 A.2d 528

**COMMONWEALTH of Pennsylvania**

v.

**John McSWEEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided April 20, 1979.

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before VAN der VOORT, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County, Criminal-Trial division, by the defendant-appellant, John McSween, after conviction, non-jury, of retail theft. Post-trial motions were denied and he was sentenced to ninety days probation plus a fine.

Defendant was arrested on December 9, 1976 and charged with retail theft.[1] At trial, Stephen Abbott, a store detective in John Wanamaker's department store in Philadelphia, testified that he observed the defendant take three belts from the belt department of the store and walk through the store with the belts in his hand. He was arrested in the book department of Wanamaker's. The witness stated that he had seen the defendant carrying the belts out of the belt department in his hand and had rolled them up and held them against his body in what the witness concluded was an attempt to conceal them. Abbott testified that once this was done he could not see the belts even though he was only five inches behind the defendant. A person is guilty of retail theft if he takes possession of, carries away, transfers or causes to be carried away or transferred any merchandise displayed, held, stored or offered for sale by any store or other retail establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof. *18 C.P.S.A. § 3929.*

In the instant case, it is clear that the defendant took possession of and carried away merchandise offered for sale by the store. The only issue is whether the Commonwealth established enough evidence at trial so as to enable the fact finder to infer that defendant did so with the intent of depriving the merchant of the goods without paying for same. In deciding this issue we are aided by *18 C.P.S.A. § 3929(c)* which creates a presumption that anyone who intentionally conceals unpurchased property either on the premises or outside the premises of such store is presumed to have concealed such property with the intention of depriving the owner of its use or benefit. This statutory presumption is an evidentiary device which may be available to assist the Commonwealth in proving an element of the offense beyond a reasonable doubt. *Commonwealth v. Turner,* 456 Pa. 116,

1. 18 C.P.S.A. § 3929.

317 A.2d 298 (1974). It arises only when the prosecution establishes the existence of facts upon which the presumption is based. *Commonwealth v. Bonn*, 244 Pa.Super. 315, 368 A.2d 738 (1976). The fact upon which the instant presumption is based is concealment of the unpurchased merchandise. If the merchandise was not concealed then the presumption does not arise. The fact that the defendant had not left the store with the merchandise, although it may affect the weight of the evidence, is not dispositive of the issue.

■ In the instant case the evidence established that the defendant did conceal the unpurchased belts. He had rolled them up in his hands and held them against his body so that the store detective, standing five inches away from him, could not see the belts. Therefore, they had been concealed and from this fact the fact finder could determine that the defendant had the intention of depriving the store owner of their use or benefit without paying for them.

The cases cited by the defendant involve situations where we held that the merchandise had not been concealed. In *Commonwealth v. Bonn, supra,* the defendant placed a bra in an open purse in her shopping cart where it was readily visible with its price tag unremoved from it. In *Commonwealth v. Shapiro*, 223 Pa.Super. 15, 297 A.2d 161 (1972) the defendant held the merchandise, a box of bushings, in his hand between a bag and his trousers where it was easily observed by the security guard. In *Commonwealth v. Ruger*, 245 Pa.Super. 576, 369 A.2d 777 (1977), the merchandise, a cap, was placed by the defendant on the defendant's head where it was plainly visible. He then walked out of the store. In all of these cases the merchandise had not been concealed. Here it had been concealed. Therefore we hold that the fact finder had sufficient evidence before it to substantiate its finding of guilt.

Judgment of sentence is affirmed.