## Commonwealth v. Runk

*Theodore B. Smith, III, Assistant District Attorney,* for Commonwealth.

*Taylor P. Andrews,* for defendant.

SHEELY, *J.,* August 22, 1980—On December 26, 1979 defendant, Debra G. Runk, was charged with retail theft (third offense) in connection with an incident that occurred at the K-Mart in Mechanicsburg. Following a jury trial on May 27, 1980, defendant was convicted of violating section 3929 of the Crimes Code, as amended, 18 Pa.C.S.A. §3929. After her conviction, defendant filed post-trial motions in arrest of judgment and for a new trial which are the subject of this opinion.

Defendant first objects that defendant's prior uncounseled summary conviction for retail theft cannot be used to enhance the offense into a felony.

It was stipulated at trial that defendant's first offense was a summary offense which occurred on April 1, 1978. Defendant was not represented by

counsel at that conviction. The second offense occurred on April 14, 1978. Defendant was represented by counsel at the time of the second conviction. After the December 26, 1979 incident, defendant was charged with a third offense which was treated as a felony in accordance with the Crimes Code enhancement provisions at 18 Pa.C.S.A. §3929(b).

Defendant relies on Baldasar v. Illinois, 446 U.S. 222, 100 S. Ct. 1585, 64 L.Ed. 2d 169 (1980), as support for her contention that her uncounseled summary conviction cannot be used for enhancement purposes. This court was faced with a similar argument in Com. v. Gelbaugh, 15 D. & C. 3d 309 (1980). In Gelbaugh, President Judge Shughart stated at p. 310:

"As we interpret the Baldasar decision, the narrow holding on which five Justices agree is that an uncounseled *misdemeanor* conviction, where the authorized penalty is greater than *six months* imprisonment or where imprisonment is actually imposed, may not be used to enhance a subsequent offense to a felony if imprisonment is imposed upon a conviction thereof." (Emphasis in original).

Both Gelbaugh and the case at bar deal with enhancement as a result of an uncounseled summary offense calling for maximum imprisonment of 90 days. Adopting the reasoning of the court in Gelbaugh, Baldasar should not be read to prohibit the enhancement of defendant's third offense into a felony.

Defendant next contends that her motion in arrest of judgment should be granted because of the insufficiency of the evidence. In determining if the evidence is sufficient to sustain a conviction "we must first accept as true all the evidence upon

which the trier of fact could properly have based the verdict, and then ask whether that evidence, with all reasonable inferences from it, was sufficient to prove guilt beyond a reasonable doubt." Com. v. Turner, _____ Pa. Superior Ct. _____, _____, 410 A. 2d 895, 897 (1979). The court must view the evidence in the light most favorable to the Commonwealth, as the verdict winner: Com. v. Ford, 472 Pa. 542, 372 A. 2d 821 (1977).

It is clear in this case that the Commonwealth could not rely on the statutory presumption that one who conceals unpurchased merchandise does so with the intention of converting it to his own use: 18 Pa.C.S.A. §3929(c). Likewise, in Com. v. Bonn, 244 Pa. Superior Ct. 315, 368 A. 2d 738 (1976), where defendant placed a packaged bra in her open purse and was apprehended before leaving the store, the Commonwealth was unable to establish sufficient facts to prove concealment of the store's merchandise and avail itself of the presumption. But the court stated, at p. 319, that "[w]hen the presumption is not available, guilt may still be proved by other evidence including circumstantial evidence." In Bonn, the court found no other evidence of the appellant's intent.

In Com. v. Ruger, 245 Pa. Superior Ct. 576, 369 A. 2d 777 (1977), defendant exited through the first of two store doors after playfully placing a child's cap on his head. The cap was not concealed, nor was there any evidence that defendant intended to take the cap. The conviction was therefore reversed.

Finally, in Com. v. Shapiro, 223 Pa. Superior Ct. 15, 297 A. 2d 161 (1972), defendant absentmindedly left the store with a box of bushings for which he had not paid.

Because the merchandise had been unconcealed, there was no presumption that defendant acted with intent to convert the goods, nor was there any other evidence of defendant's intent. Moreover, in Shapiro, the court relied on the good character of defendant in overturning the conviction and said that "evidence of good character may, in spite of all evidence to the contrary, raise a reasonable doubt in the minds of the jury." Id. at 19, 297 A. 2d at 163.

Like the Shapiro, Ruger and Bonn cases, the instant case contains insufficient evidence of concealment to justify charging the jury on the presumption of intent. But unlike those cases, there is other evidence in the case at bar supporting the conviction.

According to the testimony of the security manager at K-Mart, he first observed the defendant at 3:50 p.m. on December 26, 1979, in the cosmetics area of the store, looking from side to side at the store employes. When defendant went to the fashion accessories area of the store, the security manager went to watch her from behind a one-way observation mirror located about 12 feet off the ground and equipped with binoculars. As the security manager watched, defendant picked up a pair of gloves which were tied together with a piece of plastic fishing line. The price tag was attached to the gloves by the plastic line. Defendant put one or both hands in the gloves, glanced from side to side and with a pulling-apart motion she broke the plastic line. The price tag fell to the floor between her legs. She then laid the gloves in the infant seat of the shopping cart, separate from the other merchandise she selected. When defendant left the fashion accessories department, the security manager retrieved the price tag which contained the

printed warning: "Caution. Do not pull apart. Cut thread carefully." The price noted on the tag was $6.87. Defendant continued through the store and then went to the automotive department to speak to her boyfriend. Upon her return she placed the blue gloves into her darker blue coat pocket so that approximately an inch and a half to two inches of the gloves were exposed. After spending time in other parts of the store, defendant walked to the ladies' restroom and stood looking at the door. A sign on the door stated, "No merchandise to be taken into this room." At approximately 4:20 p.m. defendant asked for permission to enter the restroom. As she was pushing open the restroom door, the security manager apprehended her for retail theft.

At no time were the gloves completely concealed. However, defendant's actions in the store support the jury's finding. She glanced from side to side, put her hands in the gloves, pulled them apart, let the price tag fall to the floor, and placed the gloves in her coat making them look like they belonged to her. She wandered around the store and then with the gloves in her pocket, she attempted to enter the restroom, an area clearly marked as off-limits for unpurchased merchandise. While defendant did not conceal the gloves in the usual manner, she created the impression that they were her property. In effect, the gloves were "hidden in plain view." The fact that defendant was apprehended before leaving the store is not dispositive of the issue. In Com. v. McSween, 265 Pa. Superior Ct. 458, 402 A. 2d 528 (1979), defendant was seen rolling belts and hiding them between his hand and his body. He was apprehended before leaving the store, but the court found the requisite intent from defendant's actions in the store. Although defendant in the case

at bar did not conceal the gloves by hiding them completely, her actions in the store made the gloves appear to be her own so that she could convert them to her own use. Thus, the evidence viewed in the light most favorable to the Commonwealth is sufficient to support the conviction.

## ORDER

And now, August 22, 1980, in accordance with the opinion filed this date, defendant's post-trial motions are denied.

The probation office is hereby directed to prepare a presentence investigation report and upon receipt of same by the court, defendant is directed to appear for sentencing at the call of the district attorney.