## Commonwealth v. Shoemaker

*Floyd P. Jones, Assistant District Attorney,* for Commonwealth.
*Daniel W. Shoemaker,* for defendant.

BUCKINGHAM, *J.,* December 23, 1981—This matter is before the court on defendant's motion to dismiss the prosecution brought against him under section 706 of The Game Law of June 3, 1937, P.L. 1225, 34 P.S. 1311.706. The motion is based on the contention that section 706 is unconstitutional on three grounds:

1. It is void for vagueness.

2. It shifts the burden of proof from the Commonwealth to defendant.

3. It violates defendant's equal protection rights.

Since we believe defendant's second contention has merit, we need not discuss the other two. Parenthetically, the attorney general was notified that the constitutionality of section 706 was being attacked but for reasons unknown to the court, he has not responded. Nevertheless, we are required to address the constitutional question. Com. v. Stein, 487 Pa. 1, 406 A. 2d 1381 (1979).

Section 706 provides:

"Possession of big game without head attached

The possession or control of any big game animal or of any portion of such animal shall be prima facie evidence that it was killed unlawfully in this Commonwealth, unless the head is attached in a natural way. Each person in whose possession or under whose control the same may be found, or who may be proven to have had such animal, or part thereof, in possession or under control, shall be liable to the penalty provided in this article for the unlawful killing of such big game, unless such person shall immediately, upon demand made by an officer of the Commonwealth whose duty it is to protect game, produce the head or other satisfactory evidence that the flesh in question, found in his possession or proven to have been under his control, is a part of the big game animal legally killed in the Commonwealth."

The record shows that defendant was charged with failing or refusing to produce the head of a deer upon demand of the game law officer on December 12, 1980. He was found guilty of this charge by a district justice and fined $200 and ordered to pay the costs of prosecution. It is from this action that defendant has appealed.

We have no hesitation in concurring with defendant's contention that section 706 unconstitutionally shifts the burden of proof from the Commonwealth to defendant. The accused in a criminal case is clothed with a presumption of innocence. The Commonwealth has the burden to prove beyond a reasonable doubt that defendant is guilty. This burden never shifts. Commonwealth v. McGuire, 487 Pa. 208, 409 A. 2d 313 (1979).

The Court of Common Pleas of Monroe County, in Commonwealth v. Madison, 16 D. & C. 824 (1931) held the forerunner of this section in the Act of 1923

unconstitutional on the same basis. The conclusion in the instant case must be the same. This section of the game law presumes defendant to be guilty until he can prove his innocence. This obviously flies in the face of defendant's presumption of innocence and cannot stand.

As was said in Com. v. Gearhart, 253 Pa. Superior Ct. 238, 384 A. 2d 1321, at page 242:

"Occasionally, a statute will delineate a 'presumption' or the common law will suggest an inference that might be raised when certain preliminary facts have been proved. In criminal cases, statutory presumptions and common law inferences may be used as evidentiary devices to aid the Commonwealth in proving an element of an offense beyond a reasonable doubt, Commonwealth v. Bonn, 244 Pa. Superior Ct. 315, 368 A. 2d 738 (1976). However, if the fact to be presumed comprises an element of the alleged offense, the court may never compel the inference, Commonwealth v. DiFrancesco, 458 Pa. at 193, n.3, 329 A. 2d 204, for that would amount to a shifting of the burden of producing evidence to the defendant, and, in effect, a directed verdict of guilty if the accused fails to rebut. Directed verdicts of guilt in criminal cases negate the presumption of innocence and, as such, are never permissible. Commonwealth v. Turner, 456 Pa. 116, 317 A. 2d 298 (1974)."

In the present case, the fact to be presumed in section 706 (that the deer was killed unlawfully) is the gist of the offense, and amounts to shifting the burden of providing evidence to defendant. For this reason section 706 does not pass constitutional muster.

In view of what we have said we shall enter an order granting defendant's motion to dismiss.

## ORDER

And now, December 23, 1981, on the basis of the foregoing opinion, defendant's motion to dismiss the prosecution against him is granted and defendant is hereby discharged.

It is directed that copies of this order be furnished counsel as well as to Maryanne M. Lewis, Legal Assistant, Civil Litigation Division, Commonwealth of Pennsylvania, Office of Attorney General, 1641 Strawberry Square, Harrisburg, Pa. 17120.

An exception is granted to the Commonwealth.