## Commonwealth v. Paranee

*Gary F. Dobias, assistant district attorney,* for the commonwealth.

*Jeffrey G. Velander,* for defendant.

LAVELLE, *P.J.*, May 31, 1988 — On September 22, 1987, we found defendant, Joseph Paranee, guilty of unlawful possession of game and transportation of game unlawfully taken in violation of the now-repealed section 701 of the Game Law, 34 P.S. §1311.701.

Paranee has filed post-verdict motions, in the nature of a motion for a new trial and in arrest of judgment, arguing, inter alia, that we erred by failing to grant his pretrial motion to dismiss which challenged section 701 as unconstitutional. After considering the briefs and oral argument of counsel, we grant Paranee's motion in arrest of judgment.

## DISCUSSION

Section 701 of the Game Law, Act of June 3, 1937, P.L. 1225, Art. VII, §701, as amended, 34 P.S. §1311.701, repealed by Act of July 8, 1986, P.L. 442, effective July 1, 1987, provided, in pertinent part, as follows:

"[I]t is unlawful for any person to take or kill or wound or attempt to take or kill or wound, or assist in the taking, killing or wounding of any game, except during the open season, or to have in possession, either living or dead, any game, or any part thereof, except game lawfully taken during the open season. . . . ·

*"The burden of proof that game, or any part thereof, found in possession of any person after the close of the open season, was lawfully taken shall be upon the person in whose possession such game, or part thereof, is found.*

"It is unlawful for any person to use any game that has been unlawfully killed or taken, or to aid or assist in the taking, possessing, concealment, or transportation of any game unlawfully killed. . . . ." 34 P.S. §1311.701. (emphasis supplied)

Paranee argues that this section is unconstitutional on its face because it expressly shifts the burden of proof onto defendant to demonstrate that game found in his possession was lawfully killed. Paranee raised this issue in a pretrial motion to dismiss which we denied. However, after further study of the statute and reflection, we conclude that section 701 is indeed unconstitutional on its face.

We note initially that the Game Law is clearly penal in nature. *Commonwealth v. Vollmer*, 83 D.&C. 250 (1952). Under section 731 of the Game Law, repealed along with section 701, the penalties imposable for violations of the Game Law included fines and, if a fine was not timely paid, imprisonment. 35 P.S. §1311.731. Therefore, section 701 must be strictly construed in accordance with all the requirements of the criminal law, including the presumption of innocence. See e.g., *Commonwealth v. Cunningham*, 248 Pa. Super. 219, 375 A.2d 66 (1977) (penal statutes must be strictly construed in favor of the accused).

Although Paranee concedes that no court in this commonwealth has held this section to be unconstitutional, he directs our attention to the case of *Commonwealth v. Shoemaker*, 21 D.&C.3d 743 (1981), where our distinguished colleague, Judge Buckingham of the Court of Common Pleas of York County, held section 706 of the Game Law to be unconstitutional.

Section 706 provided as follows:
"The possession or control of any big game animal or of any portion of such animal shall be prima facie evidence that it was killed unlawfully in this commonwealth, unless the head is attached in a natural way. Each person in whose possession or under whose control the same may be found, or who

may be proven to have had such animal, or part thereof, in possession or under control, shall be liable to the penalty provided in this article for the unlawful killing of such big game, unless such person shall immediately, upon demand made by an officer of the commonwealth whose duty it is to protect game, produce the head or other satisfactory evidence that the flesh in question, found in his possession or proven to have been under his control, is a part of the big game animal legally killed in the commonwealth." 35 P.S. § 1311.706.

In declaring this section unconstitutional because it shifted the burden of proof to defendant, Judge Buckingham opined as follows:

"This section of the game law presumes defendant to be guilty until he can prove his innocence. This obviously flies in the face of defendant's presumption of innocence and cannot stand."

"As was said in *Commonwealth v. Gearhart,* 253 Pa. Super. 238, 384 A.2d 1321 (1978):

" 'Occasionally, a statute will delineate a "presumption" or the common law will suggest an inference that might be raised when certain preliminary facts have been proved. In criminal cases, statutory presumptions and common–law inferences may be used as evidentiary devices to aid the commonwealth in proving an element of an offense beyond a reasonable doubt[,] *Commonwealth v. Bonn,* 244 Pa. Super. 315, 368 A.2d 738 (1976). However, if the fact to be presumed comprises an element of the alleged offense, the court may never compel the inference[.] *Commonwealth v. DiFrancesco,* 458 Pa. at 193, 329 A.2d .at 204, for that would amount to a shifting of the burden of producing evidence to the defendant, and, in effect, a directed verdict of guilty if the accused fails to rebut. Directed verdicts

of guilt in criminal cases negate the presumption of innocence and, as such, are never permissible. *Commonwealth v. Turner,* 456 Pa. 116, 317 A.2d 298 (1974).

" 'In the present case, the fact to be presumed in section 706 (that the deer was killed unlawfully) is the gist of the offense, and amounts to shifting the burden of providing evidence to defendant. For this reason section 706 does not pass constitutional muster.' " *Id.* at 745.

We find the logic of Judge Buckingham's opinion persuasive and applicable also to section 701 and we adopt its reasoning. As with section 706, the fact to be presumed under section 701, that the game was unlawfully killed, is an element of the offense. This amounts to placing a burden upon defendant to produce evidence that the game was lawfully killed and negates the presumption of innocence. For this reason, we hold that section 701 is unconstitutional and Paranee's conviction cannot stand.

Having found section 701 unconstitutional, mandating the grant of Paranee's motion in arrest of judgment, we deem Paranee's other post-verdict motions moot.

For the foregoing reasons, we enter the following

## ORDER

And now, May 31, 1988, it is ordered and decreed as follows:

(1) The post-verdict motion of defendant, Joseph Paranee, in the nature of a motion in arrest of judgment, be and is hereby granted.

(2) Defendant's appeal from his summary conviction is sustained. The conviction for violations of section 701 of the Game Law is reversed and the charges are dismissed.