J-S60025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL MATTHEWS | |
| Appellant | No. 334 MDA 2014 |

Appeal from the Judgment of Sentence entered January 8, 2014
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0002452-2013

BEFORE: OTT, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 04, 2014**

Appellant, Paul Matthews, appeals from the trial court's January 8, 2014 judgment of sentence imposing ten to twenty years of incarceration for robbery.[1]  We affirm.

On March 4, 2013, Peter Fouad ("Fouad"), a loss prevention officer at a Bon Ton department store, observed Appellant stealing three polo shirts. Fouad watched via closed circuit security television as Appellant entered a changing room with the shirts.  Appellant left the changing room and did not leave the shirts behind.  He left the Bon Ton without paying.  Fouad pursued Appellant, apprehended him, and escorted him back to the Bon Ton's loss prevention office.  Fouad recovered the shirts from inside Appellant's jacket

_____

[1]  18 Pa.C.S.A. § 3701(a)(1).

pocket. Appellant remained in the loss prevention office for ten to twenty minutes, during which Fouad obtained Appellant's Pennsylvania identification card. After the ten to twenty minute encounter, Appellant became agitated and attempted to leave the office. When Foaud told Appellant to stop, Appellant brandished a large butcher knife, holding it above his head in apparent preparation to stab Fouad, and demanded that Fouad let him go. Appellant fled the Bon Ton but was subsequently apprehended by police.

After a November 8, 2013 bench trial at which the parties stipulated to the foregoing facts, including the ten to twenty minute duration of the encounter between Appellant and Fouad, the trial court found Appellant guilty of robbery (18 Pa.C.S.A. § 3701(a)(1)), simple assault (18 Pa.C.S.A. § 2701(a)(3)) and retail theft (18 Pa.C.S.A. § 3929(a)(1)). The trial court imposed sentence as set forth above, and this timely appeal followed. Appellant argues that the stipulated facts, as set forth above, do not support his robbery conviction. The Pennsylvania Crimes Code defines robbery as follows:

> (a) Offense defined.
>
> > (1) A person is guilty of robbery if, in the course of committing a theft, he:
> >
> > > (i) inflicts serious bodily injury upon another;
> > >
> > > (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;
> > >
> > > (iii) commits or threatens immediately to commit any felony of the first or second degree;

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;

(v) physically takes or removes property from the person of another by force however slight; or

(vi) takes or removes the money of a financial institution without the permission of the financial institution by making a demand of an employee of the financial institution orally or in writing with the intent to deprive the financial institution thereof.

(2) An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission.

18 Pa.C.S.A. § 3701(a)(1), (2). Appellant argues that his brandishing the butcher knife in Fouad's presence did not occur in the course of the theft he committed.[2]

_____

[2] Appellant purports to challenge both the weight and sufficiency of the evidence in support of his robbery conviction. Appellant's Brief at 5. The governing standard of review for sufficiency of the evidence is as follows:

The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt.

***Commonwealth v. Vogelsong***, 90 A.3d 717, 719 (Pa. Super. 2014).

Likewise, our standard for reviewing a weight of the evidence challenge is well-settled:

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a

*(Footnote Continued Next Page)*

This Court has addressed § 3701(a)(2) on several occasions. In *Commonwealth v. Maldonado*, 494 A.2d 402 (Pa. Super. 1985), the defendant stole from the victim a box containing a small amount of cash and other items. *Id.* at 404-06. When the victim and a friend confronted the defendant, the defendant discarded the box and fled. *Id.* The victim eventually caught up to the defendant and a scuffle ensued, during which the defendant stabbed the victim to death. *Id.* The defendant argued he did not commit a robbery because the stabbing did not occur in the course of the theft in accordance with § 3701(a)(2). In rejecting the defendant's argument, this Court noted that § 3701(a)(2) encompasses behavior,

---
*(Footnote Continued)* ————————

mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

*Commonwealth v. Horne*, 89 A.3d 277, 285 (Pa. Super. 2014) (internal quotation marks omitted), *appeal denied*, ___ A.3d. ___ (Pa. Oct. 15, 2014). A verdict may be against the weight of the evidence where a trial court ignores stipulated facts. *Commonwealth v. Shapiro*, 297 A.2d 161 (Pa. Super. 1971). We note that Appellant preserved his weight of the evidence challenge in a timely post-sentence motion.

Based on our analysis in the main text, Appellant cannot obtain relief under either standard.

including flight, that takes place "after the theft might be said to be accomplished." *Id.* at 408.

> In elaborating upon this latter definition, [the] Comment to the Model Penal Code (upon which the Pennsylvania Crimes Code definition is based) offers no rule of thumb . . . to delimit the time and space of 'flight,' but does observe that [t]he concept of 'fresh pursuit' will be helpful in suggesting realistic boundaries between the occasion of the theft and a later distinct occasion when the thief is apprehended.

*Id.* at 408 (citations and quotation marks omitted). The **Maldonado** Court held that the victim was plainly in fresh pursuit of the defendant and that the facts evinced no break in the chain of events sufficient to separate the defendant's discarding of the stolen goods from the stabbing death of the victim. *Id.* at 408-09. The Court noted the victim was killed "[w]ithin seconds, or at most minutes[,]" of the completion of the theft. *Id.* at 409.

In **Commonwealth v. Steward**, 762 A.2d 721 (Pa. Super. 2000), *appeal denied*, 782 A.2d 545 (Pa. 2001), a loss prevention officer confronted the defendant immediately after the defendant left a store with stolen merchandise. *Id.* at 722. The defendant handed the bag of stolen merchandise to the officer, admitting that he took it. *Id.* The defendant then pushed the officer out of the way and fled. *Id.* The officer pursued the defendant, caught him, and suffered a broken finger during the ensuing scuffle. *Id.*

In rejecting the defendant's challenge to the weight and sufficiency of the evidence in support of his robbery conviction, this Court wrote: "The law

is clear that an injurious act satisfies the 'in the course of' requirement if it is accomplished 'in flight after the . . . commission' of a theft." *Id.* at 724 (quoting § 3701(a)(2)). This Court reasoned that the assault of the loss prevention officer, which occurred only "moments" after the theft and during the defendant's flight, satisfied § 3701(a)(2). *Id.*

Most recently, in *Commonwealth v. Alford*, 880 A.2d 666 (Pa. Super. 2005), *appeal denied*, 890 A.2d 1055 (Pa. 2005), this Court held sufficient evidence supported the defendant's robbery conviction where the defendant stole a constable's gun and then pistol whipped him with it. *Id.* at 675. The defendant argued the theft of the gun was complete before the physical struggle commenced. Relying on *Maldonado* and *Steward*, this Court disagreed, reasoning that the defendant used the stolen gun "to facilitate his escape and complete the crime." *Id.* at 674-75.

Appellant argues the instant case is distinguishable because ten or twenty minutes passed in Fouad's office before Appellant brandished the butcher knife. In *Maldonado*, *Steward*, and *Alford*, the physical altercation transpired much nearer in time to the defendant's completion of the theft. That is, the altercation occurred immediately after the theft in *Alford* and during fresh pursuit in *Maldonado* and *Steward*.

We acknowledge that none of our prior published law involved a ten to twenty minute delay between the theft and the occurrence that elevated the theft to a robbery. We do not believe that distinction is dispositive here. As

we explained in **Maldonado**, "[t]he concept of 'fresh pursuit' will be helpful in suggesting realistic boundaries between the occasion of the theft and **a later distinct occasion when the thief is apprehended**." **Maldonado**, 494 A.2d at 408 (emphasis added). Furthermore, "[t]he thief's willingness to use force against those who would restrain him strongly suggests that he would have employed it to effect the theft had there been the need for it." **Id.**

Here, Fouad pursued Appellant out of the Bon Ton and apprehended him moments after he exited the store. Fouad then detained Appellant in the Bon Ton's loss prevention office. Thus, the record reveals that Appellant threatened Fouad with a butcher knife in order to facilitate his escape from a detention that immediately followed his completion of the theft. The threat did not occur during a later, distinct occasion.

Drawing inferences in favor of the Commonwealth, as we must in evaluating the sufficiency of the evidence, the record indicates that Appellant armed himself with the butcher knife prior to committing the theft, and that he was willing to use it to escape from the resulting detention. On the facts of this case, we do not believe the passage of ten or twenty minutes and the absence of a foot chase preclude Appellant's robbery conviction. Rather, the record supports the trial court's finding that Appellant threatened Fouad with a butcher knife to facilitate his flight after the commission of a theft in

accordance with § 3701(a)(2). Thus, the record contains sufficient evidence in support of Appellant's robbery conviction.

Concerning Appellant's weight of the evidence challenge, we observe that the trial court did not disregard pertinent stipulated facts in reaching its verdict, nor did the trial court fail to give proper weight to the ten to twenty minutes that passed while Appellant was detained in the Bon Ton loss prevention office. The trial court did not abuse its discretion in denying Appellant's motion for a new trial.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/4/2014