J-S57010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KAREEM MEARS | |
| Appellant | No. 3386 EDA 2016 |

Appeal from the Judgment of Sentence October 5, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002039-2015

BEFORE:  PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                **FILED NOVEMBER 03, 2017**

After a bench trial, the court convicted Appellant, Kareem Mears, of receiving stolen property and attempted theft of two comforters from a retail store. On appeal, Means only argues that the evidence at trial was insufficient to establish he intended to take the comforters from the store without paying for them. After careful review, we conclude the evidence at trial was sufficient to allow the finder of fact to infer Means was attempting to steal the comforters. We therefore affirm.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the

crimes charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. **See Commonwealth v. Kinney**, 863 A.2d 581, 584 (Pa. Super. 2004). "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." **Id**. (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Bruce**, 916 A.2d at 661 (citation omitted). Evidence is weak and inconclusive "[w]hen two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances…" **Commonwealth v. Woong Knee New**, 47 A.2d 450, 468 (Pa. 1946).

In the instant case, Mears was convicted of two crimes: receiving stolen property ("RSP"), and attempted retail theft.[1] For the RSP conviction,

_____

[1]A person is guilty of criminal attempt when, acting with an intent to commit a crime, performs an act that is a substantial step towards the commission of the crime. **See** 18 Pa.C.S.A. § 901(a) Mears does not independently address the applicability of § 901(a) in his argument. In any event, we conclude the evidence capable of supporting a finding that Mears intended to deprive the retail store of its possession of the comforters is equally capable

*(Footnote Continued Next Page)*

the Commonwealth was required to prove Mears "intentionally … retain[ed] … movable property of another knowing that it ha[d] been stolen, or believing that it ha[d] probably been stolen …." 18 Pa.C.S.A. § 3925(a). In order to sustain a conviction for retail theft, the Commonwealth was required to prove Mears took "possession of, carrie[d] away, [or] cause[d] to be carried away or transferred," store merchandise "with the intention of *depriving* the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]" 18 Pa.C.S.A. § 3929(a)(1). Thus, both crimes require the Commonwealth to establish Mears acted with an intent to deprive the retail store of its rights to the comforters.

Mears argues the evidence at trial was equally capable of supporting an inference he merely forgot that he had not paid for the comforters when he walked out the door. He contends he realized his mistake as he stepped outside the store, and immediately attempted to return to the store.

A review of the testimony at trial demonstrates Mears is incorrect in his assessment. Michael Mowery was an asset protection manager employed by Macy's. **See** N.T., Bench Trial, 6/20/16, at 10. In February, 2015, he was concerned by a recent string of "door hits," or incidents where thieves would stop their vehicle outside a store entrance, enter the store and take items from a display near the door, run back out to their waiting vehicle, and

*(Footnote Continued)* ───────────

of supporting a finding that Mears intended to commit retail theft of the comforters.

quickly drive away. *See id*., at 11-12. Thieves using this tactic had successfully evaded capture by store security. *See id*., at 12.

On February 7, he watched as Mears stopped his vehicle in the fire lane outside an entrance to the store. Mears activated his hazard signals and walked into the Macy's. *See id*, at 13. Mears walked into the store and picked up two comforters from a display near the door. *See id*., at 14. Mowery notified, *via* radio, Officer Andrew Gibbs of the Abington Police Department that he suspected a door hit was in progress. *See id*., at 14, 28-29.

Officer Gibbs testified he responded by parking down the roadway from Mears's stopped vehicle. *See id*., at 29. He parked so that he could observe Mears's vehicle, but that Mears would be unable to see Gibbs's marked police vehicle until he left the store. *See id*.

Mowery testified he watched Mears walk quickly through the theft detectors in front of the first set of doors leading outside the store. *See id*., at 15. Mears then proceeded through both sets of doors leading outside. *See id*.

Officer Gibbs testified he watched as Mears walked outside the store with the comforters in hand. *See id*., at 29. Mears looked right at Gibbs's marked police vehicle and walked back into the store. *See id*. After some discussion between Mears, Mowery, and Officer Gibbs, Officer Gibbs arrested Mears and charged him with attempted retail theft and RSP. *See id*., at 30.

Crediting the testimony of the Commonwealth's witnesses, as we must, we cannot conclude this evidence was as supportive of Mears's innocence as it was of his guilt. Mears illegally stopped his vehicle near the exit of the store, walked in, took two comforters and walked directly back out of the store. These actions fit the pattern of a strategy for retail theft that security personnel and police officers identified as common.

While Mears offers he merely forgot he hadn't paid for the comforters, this inference is certainly not *equally* justified with the inference that Mears was intending to steal the comforters. He argues this case is controlled by **Commonwealth v. Shapiro**, wherein a panel of this Court held that intent was not established given it was undisputed the defendant made no attempt to conceal the items he was charged with stealing as he left the store. **See** 297 A.2d 161, at 162-163. However, according to both Mowery and officer Gibbs, concealment was not a necessary part of the scheme, speed was. **See** N.T., Bench Trial, 6/20/16, at 12, 27. **Shapiro** is easily distinguishable.

The evidence at trial was sufficient to establish Mears intended to deprive Macy's of its rights to the two comforters. Mears's sole issue on appeal merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/3/2017