**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2094
_____

RABII BAGHDAD,
                              Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency Case No. A047-505-299)
Immigration Judge: Alice Song Hartye
_____

Argued May 24, 2022

Before: KRAUSE, BIBAS, and PHIPPS, *Circuit Judges*

(Filed: October 11, 2022)
_____

Craig R. Shagin                    [**ARGUED**]
THE SHAGIN LAW GROUP

120 South Street
The Inns of St. Jude
Harrisburg, PA 17101
　　　*Counsel for Petitioner*

Sara J. Bayram　　　　　　　　[**ARGUED**]
Kathryn M. McKinney
U.S. DEPARTMENT OF JUSTICE
OFFICE OF IMMIGRATION LITIGATION
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
　　　*Counsel for Respondent*

———————

OPINION OF THE COURT

———————

**BIBAS**, *Circuit Judge*.

Juries are not mind readers. Usually, the only way they can know a defendant's intent is to infer it. As long as those inferences are permissive, they do not dilute a crime's mens rea requirement.

A Moroccan man was convicted of shoplifting, making him removable. He objects that Pennsylvania's shoplifting statute directs juries to infer intent to steal whenever someone conceals merchandise. But in view of Pennsylvania's standard jury instructions and case law, that inference is only permissive. A permissive inference does not water down the requisite intent to steal and does not shift the burden of proof onto defendants.

Because his conviction made him removable, we will deny his petition for review.

## I. BACKGROUND

Rabii Baghdad, a Moroccan citizen, has lived in the United States as a lawful permanent resident for two decades. In 2018, he and two accomplices ran out of a Home Depot with three drills (worth about $1000) and hawked them at a pawn shop. He pleaded guilty to retail theft and faced nearly two years' incarceration. 18 Pa. Cons. Stat. §3929(a)(1). The government then sought to deport him, arguing that his conviction was for an aggravated felony and thus made him removable. An immigration judge and the Board of Immigration Appeals agreed.

On this petition for review, Baghdad challenges that aggravated-felony ruling. We have jurisdiction over this question of law and review the Board's ruling de novo. 8 U.S.C. §1252(a)(2)(D); *Quinteros v. Att'y Gen.*, 945 F.3d 772, 781–82 (3d Cir. 2019).

## II. BAGHDAD COMMITTED GENERIC THEFT, AN AGGRAVATED FELONY

The Immigration and Nationality Act lets the government deport an alien who is convicted of an "aggravated felony." 8 U.S.C. §1227(a)(2)(A)(iii). That term includes theft convictions that result in prison sentences of at least one year. §1101(a)(43)(G). Baghdad's sentence was longer than that. So the only remaining question is whether, under the Act, his retail-theft conviction counts as "theft."

But the Act does not define theft. So we apply the so-called categorical approach. We must compare the Pennsylvania theft

3

statute with how "the criminal codes of most States" and the federal government generically use "the term 'theft.'" *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 189–90 (2007) (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). We do not compare Baghdad's *actions* to the generic definition of theft. Rather, we look only at the *elements* of the state criminal statute that he violated. *Pereida v. Wilkinson*, 141 S. Ct. 754, 762 (2021). If that statute criminalizes acts that are not normally considered theft, then his retail-theft conviction does not count as a "theft" conviction under the Act. And so it would not be an aggravated felony. *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013).

The Supreme Court has described the three elements of generic theft: "[i] taking of property or an exercise of control over property [ii] without consent [iii] with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Duenas-Alvarez*, 549 U.S. at 189 (internal quotation marks omitted and bracketed numerals added); *accord K.A. v. Att'y Gen.*, 997 F.3d 99, 105 (3d Cir. 2021). These three elements match those of Pennsylvania's retail-theft statute, to which Baghdad pleaded guilty:

> A person is guilty of a retail theft if he … [i] takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment [iii] with the intention of depriving the merchant of the possession, use or benefit of such merchandise [ii] without paying the full retail value thereof.

4

18 Pa. Cons. Stat. §3929(a)(1) (bracketed numerals added). Both statutes require taking or exercising control over someone else's property. Both require doing so with the intent to deprive the owner of the property. And since it requires taking "merchandise … without paying the full retail value thereof," the Pennsylvania statute necessarily requires taking it "without consent." *See* §3929(f) (defining "full retail value" as "[t]he merchant's stated or advertised price").

In short, Baghdad was convicted of a crime that shares all three elements with generic theft. And his sentence was for more than one year. Thus, his crime was an aggravated felony, making him removable.

### III. PENNSYLVANIA'S STATUTORY PRESUMPTIONS DO NOT CHANGE THE RESULT

So Baghdad focuses instead on a different part of Pennsylvania's statute, subsection (c). That subsection lists two interlocking presumptions about the defendant's intent:

- Any person intentionally concealing unpurchased property of any store … shall be prima facie presumed to have so concealed such property with the intention of depriving the merchant of [that property] without paying …

- and the finding of such unpurchased property concealed, upon the person or among the belongings of such person … shall be prima facie evidence of intentional concealment … .

18 Pa. Cons. Stat. §3929(c).

Baghdad reads this subsection as impermissibly shifting the burden of proof onto defendants. Its language is mandatory, he says, requiring juries to treat concealed property as "prima facie evidence" of intent to conceal. And a person who intentionally conceals is "prima facie presumed" to have the requisite intent to deprive. So §3929(c) requires juries to start with the assumption that defendants who conceal merchandise do so to steal it. At a minimum, he claims, it lets them convict based on the mere fact of concealment, without evidence sufficient to show an intent to deprive. On his reading, §3929(c) puts the burden on the defendant to offer evidence to disprove intent and lowers §3929(a)(1)'s mens rea requirement from an intent to deprive the owner of property down to mere intent to conceal. So the state statute supposedly reaches beyond the generic crime of theft.

But mandatory presumptions are different from permissive inferences. *See Cnty. Ct. of Ulster Cnty. v. Allen*, 442 U.S. 140, 156–60 (1979); *see also* 1 Wayne R. LaFave, *Substantive Criminal Law* §1.8(f) (3d ed. 2021); 2 Robert P. Mosteller et al., *McCormick on Evidence* §342 (8th ed. 2022). Mandatory presumptions (also known as legal presumptions) require a jury or judge to reach certain conclusions absent rebuttal evidence. *Ulster Cnty.*, 442 U.S. at 157. In a criminal case, these are unconstitutional because they shift the burden of proof onto defendants. Juries must never presume that the defendant is guilty or that an element of the offense is satisfied without finding that the government has met its burden of proving that element beyond a reasonable doubt.

By contrast, permissive inferences are allowed. Unlike mandatory presumptions, permissive inferences (sometimes

6

called permissive presumptions or standardized inferences) do not shift the burden of proof or require any outcome. They are just an "evidentiary device … [that] allows—but *does not require*—the trier of fact to infer" that an element of a crime is met once basic facts have been proven beyond a reasonable doubt. *Id.* (emphasis added). And "in the many cases where there is no direct evidence of intent, that [inference] is exactly how intent is established." *Rose v. Clark*, 478 U.S. 570, 581 (1986). So a permissive inference of intent does not change the burden of proof or the elements of a crime.

What kind of inference does the shoplifting law create? A mandatory one, Baghdad says. Its "prima facie" presumptions supposedly extend the elements of § 3929(a)(1) beyond generic theft. But that is not clear from the face of the statute. *Cf. Cabeda v. Att'y Gen.*, 971 F.3d 165, 176 (3d Cir. 2020). And if applied to sweep in innocent conduct, as Baghdad suggests, it would make the statute unconstitutional. We may not base that conclusion on "legal imagination," but only on "a realistic probability, not a theoretical possibility, that [Pennsylvania] would apply its statute" in that way. *Moncrieffe*, 569 U.S. at 191; *Singh v. Att'y Gen.*, 839 F.3d 273, 278 (3d Cir. 2018).

To decide whether Baghdad's reading is realistic, we look to how Pennsylvania's jury instructions and courts interpret and apply the provision. *See James v. United States*, 550 U.S. 192, 202–03 (2007); *cf. Ulster Cnty.*, 442 U.S. at 160–62. Though he reads § 3929(c) as creating mandatory presumptions, those sources all read it as permissive.

7

Pennsylvania's pattern jury instructions treat subsection (c) as permissive. They leave the decision "to apply this permissive presumption … to [the jury's] discretion and common sense based on all the evidence presented." Pa. Suggested Std. Crim. Jury Instrs. § 15.3929F. The jury is "free to credit or reject the inference arising from concealment," and the presumption "does not shift the burden of proof." *Id.*

Pennsylvania courts agree. They treat the presumption as just "an evidentiary device" that permits but does not require "the fact finder to infer" intent to steal. *Commonwealth v. McSween*, 402 A.2d 528, 529 (Pa. Super. Ct. 1979); *accord Commonwealth v. Martin*, 446 A.2d 965, 968 (Pa. Super. Ct. 1982). The jury still must find that "the inference [of intent to steal] … follow[s] beyond a reasonable doubt from its factual basis [of concealment]." *Martin*, 446 A.2d at 969; *see also Commonwealth v. Lee*, 2015 WL 7729718, at *4–5 (Pa. Super. Ct. Jan. 22, 2015) (treating "[t]he evidence of concealment" as mere "support[]" for the jury's finding of intent to steal).

Pennsylvania courts have ensured that the inference remains just permissive. Making it mandatory, they understand, would raise serious due-process concerns. *See Martin*, 446 A.2d at 968. When the prosecution relies on the presumptions to justify a conviction, courts scrutinize the facts to discern whether the defendant actually concealed merchandise and so triggered the inference. And when those facts do not support the inference and there is no other evidence of intent, Pennsylvania's appellate courts have overturned retail-theft convictions. *E.g.*, *Commonwealth v. Monville*, 452 A.2d 747, 749–50 (Pa. Super. Ct. 1982); *Commonwealth v. Bonn*, 368 A.2d 738, 740–41 (Pa. Super. Ct. 1976). It gives us pause that, in these

8

cases, a prosecutor chose to proceed, the grand jury indicted, the judge did not direct a verdict of acquittal, and the jury convicted without sufficient facts to support the requisite intent to deprive the owner of the property. But Pennsylvania's appellate courts have made clear, and Pennsylvania's jury instructions explicitly require, that juries infer intent to steal only when that inference can be made beyond a reasonable doubt. *Lee*, 2015 WL 7729718, at \*4–5; *Martin*, 446 A.2d at 968–69. So § 3929(c) does not sweep in acts beyond the generic crime of theft.

Still, Baghdad argues that if § 3929(c) were permissive, there would have been no need to codify it. But the Supreme Court has found that a codified presumption was permissive. *Ulster Cnty.*, 442 U.S. at 160–63. And state courts routinely read statutory language like "shall be presumptive evidence of … intent" or "shall constitute prima facie evidence of intent" as just permissive inferences. *E.g.*, *State v. Caruso*, 733 So. 2d 1169, 1171–72 (La. 1999); *State v. Ferrari*, 398 So. 2d 804, 806–07 (Fla. 1981).

In short, Pennsylvania's reading of § 3929(c) accords with how most states treat codified presumptions. That permissive inference does not change our conclusion that the elements of § 3929(a)(1) categorically match the elements of generic theft. We trust that Pennsylvania courts will keep treating § 3929(c) as permissive and ensure that juries apply the inference in a way that accords with due process.

9

\* \* \* \* \*

The shoplifting statute under which Baghdad was convicted shares all the elements of generic theft, an aggravated felony. True, juries may infer that a defendant who concealed merchandise intended to steal it. But that inference is permissive, not mandatory. It depends on facts from which the jury could infer intent to steal beyond a reasonable doubt. And it does not shift the burden of proof. So Baghdad's conviction makes him removable, and we will deny his petition for review.