COMMONWEALTH of Pennsylvania

v.

**Homer B. GEARHART, Appellant.**

Superior Court of Pennsylvania.

Argued April 12, 1977.

Decided April 13, 1978.

Anthony S. Guido, DuBois, for appellant.

Thomas F. Morgan, District Attorney, Clearfield, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from a conviction for driving while under the influence of alcohol.[1] The narrow issue before this court is whether the trial judge erred by instructing the jury that a presumption of intoxication is raised if the Commonwealth proves beyond a reasonable doubt that the defendant's blood alcohol level was 0.11, and that upon such proof the defendant's guilt will have been established beyond a reasonable doubt. We find that the trial court erred by overstating the weight to be given the results of the breathalyzer test introduced into evidence. Therefore, we reverse.

In its charge to the jury, the trial judge summarized the Commonwealth's case in the following manner.

"Now, members of the Jury, you had offered to you as testimony by the Commonwealth to establish their case against this Defendant two items of proof. *If they have proved* beyond a reasonable doubt *either* or both of these, then, you will have determined that *the guilt of the Defendant has been established beyond a reasonable doubt.* If they have failed to determine beyond a reasonable doubt or prove beyond a reasonable doubt either, that is both of these, then they will have failed their burden." [Emphasis added.]

The two items of proof referred to by the court included the testimony of a witness who saw the defendant-appellant, Mr. Homer B. Gearhart, immediately after the accident and said that Mr. Gearhart had slurred speech, blood-shot eyes

---

1. Driving under the influence of alcohol is a violation of the Act of April 29, 1959, P.L. 58 § 1037, 75 P.S. § 1037 (1960).

and dilated pupils. Also introduced was the result of a breathalyzer test taken by Mr. Gearhart showing a 0.11 percent alcoholic content by weight in the blood. With response to the results of the breathalyzer test, and to the testimony of the eye-witness, the lower court told the jury,

> "*If [the result of the breathalyzer test] is proved beyond a reasonable doubt then you will have determined that the guilt has been established.* So *if either one* [item of evidence] or both *has been proved, you will find him guilty* if proved beyond a reasonable doubt. If either of them has not been proved beyond a reasonable doubt, then you will find him innocent." [Emphasis added.]

To this, the court subsequently added,

> "Third, if the chemical analysis of a person's breath, blood or urine shows that the amount of alcohol by weight in the blood of the person tested is point one-0 or more, it shall be presumed that the Defendant was under the influence of intoxicating liquor. And, therefore, if it's over point one-0 percent, the presumption is that the Defendant was under the influence of intoxicating liquor.
>
> "Now, that's not an absolute presumption, because you're still faced with this requirement that guilt be proved beyond a reasonable doubt. And if a presumption were absolute, you'd be throwing that rule out the window. *But it is a presumption that he is under the influence of intoxicating liquors* if the test shows the alcohol in his blood by weight to be point one-0 percent or more." (Record at 12a–13a) [Emphasis added.]

█ It is well-established that an accused in a criminal case is entitled to presumption of innocence; the Commonwealth is the party that must come forward with the evidence to establish guilt. *Commonwealth v. Bishop,* 472 Pa. 485, 372 A.2d 794 (1977); *Commonwealth v. Jacobs,* 247 Pa.Super. 373, 372 A.2d 873 (1977); *Commonwealth v. Loccisano,* 243 Pa.Super. 522, 366 A.2d 276 (1976). An accused is not required to disprove his alleged guilt of an element of an offense. *Commonwealth v. Loccisano, supra.* In all criminal cases, the Commonwealth must establish the defendant's

guilt beyond a reasonable doubt. *Commonwealth v. Walzack*, 468 Pa. 210, 360 A.2d 914 (1976); *Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973); *Commonwealth v. Bailey*, 448 Pa. 224, 292 A.2d 345 (1972). Circumstantial evidence alone may be used to prove guilty beyond a reasonable doubt. *Commonwealth v. Figueroa*, 456 Pa. 381, 321 A.2d 658 (1974); *Commonwealth v. Powell*, 449 Pa. 126, 295 A.2d 295 (1972); *Commonwealth v. Cimaszewski*, 447 Pa. 141, 288 A.2d 805 (1972). And, the results of a chemical analysis of the breath, blood or urine of an accused to determine alcoholic content are a type of circumstantial evidence which can be introduced where relevant. *Commonwealth v. DiFrancesco*, 458 Pa. 188, 193, 329 A.2d 204 (1974).

Occasionally, a statute will delineate a "presumption" or the common law will suggest an inference that might be raised when certain preliminary facts have been proved. In criminal cases, statutory presumptions and common law inferences may be used as evidentiary devices to aid the Commonwealth in proving an element of an offense beyond a reasonable doubt. *Commonwealth v. Bonn*, 244 Pa.Super. 315, 368 A.2d 738 (1976). However, if the fact to be presumed comprises an element of the alleged offense, the court may never compel the inference, *Commonwealth v. DiFrancesco*, 458 Pa. at 193, n. 3, 329 A.2d 204, for that would amount to a shifting of the burden of producing evidence to the defendant and, in effect, a directed verdict of guilty if the accused fails to rebut.[2] Directed verdicts of

2. A discussion of the weight of a presumption in a criminal case can be found in McCormick, Evidence 804–805 (2d ed. 1972). In relevant part he writes,

"In criminal cases, however, there are rules that traditionally have been labeled presumptions, even though they do not operate to shift even the burden of producing evidence. A true shifting of the burden of producing evidence to the defendant in a criminal case would mean that the court would be compelled to direct the jury to find against him with regard to the presumed fact if he fails to introduce sufficient proof on the issue. . . . [A] directed verdict on a preemptory ruling against the accused in a criminal case, even as to a single element of the crime, is abhorrent to the criminal law. Therefore, modern draftsmen, while retaining the term, presumption for criminal cases, have reduced the effect of presumption in those cases

guilt in criminal cases negate the presumption of innocence and, as such, are never permissible. *Commonwealth v. Turner,* 456 Pa. 116, 317 A.2d 298 (1974).

Recently, our State Supreme Court was asked in *Commonwealth v. DiFrancesco, supra,* to rule on the constitutionality of Section 624.1 of the Motor Vehicle Code.[3] This particular section authorizes the administration of a chemical analysis of the breath, blood, or urine of an individual charged with driving a motor vehicle while under the influence of intoxicating liquor. The specific issue before the court was whether Section 624.1(c)(3) infringed upon the constitutional

to that of a standardized inference. The jury is permitted but not required to accept the existence of the presumed fact even in the absence of contrary evidence." *Id.* at 804 [Footnotes omitted.]

3. The court was most concerned with subparagraphs (b), (c), (d) and (e) of Section 624.1. These portions read,

"(b) In any summary proceeding or criminal proceeding in which the defendant is charged with driving a motor vehicle or tractor while under the influence of intoxicating liquor, the amount of alcohol in the defendant's blood, as shown by a chemical analysis of his breath, his blood, or his urine, which analysis was conducted with equipment approved by the secretary and operated by qualified personnel, shall be admissible in evidence.

(c) If chemical analysis of a person's breath, blood or urine shows

(1) That the amount of alcohol by weight in the blood of the person tested is five one-hundredths (0.05) percent or less, it shall be presumed that the person tested was not under the influence of intoxicating liquor.

(2) That the amount of alcohol by weight in the blood of the person tested is in excess of five one-hundredths (0.05) percent but less than ten one-hundredths (0.10) percent, this fact shall not give rise to any presumption that the person tested was or was not under the influence of intoxicating liquor, but this fact may be considered with other competent evidence in determining the guilt or innocence of the person tested.

(3) That the amount of alcohol by weight in the blood of the person tested is ten one-hundredths (0.10) percent or more, it shall be presumed that the defendant was under the influence of intoxicating liquor.

(d) The foregoing provisions of this section shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether or not the defendant was under the influence of intoxicating liquor.

(e) Upon the request of the person tested, the results of any chemical test shall be made available to him or his attorney."

The Act of April 29, 1959, P.L. 58 § 624.1, as amended by the Act of July 31, 1968, P.L. 758, No. 237, § 1, 75 P.S. § 624.1.

rights of defendant because it provided that persons whose test results showed ten one-hundredths (0.10) percent or more alcohol by weight in the blood "shall be presumed" to be under the influence of intoxicating liquor. The Supreme Court decided that Section 624.1(c) was not unconstitutional because the " 'presumption' raised is really no more than an inference [4] which the jury may accept or reject in the light of all the evidence in the case." *Commonwealth v. DiFrancesco,* 458 Pa. at 199, 329 A.2d at 211.

■ Though the statute as written passes constitutional muster, the court emphasized that a simple reading of the statute to the jury is not acceptable. The trial judge must bring home to the jury the non-compulsory nature of the inference. In part, the court said,

"The jury should be instructed that the test results are evidence that the defendant was under the influence of intoxicating liquor, and permit a finding to the effect, but that such a finding is not mandatory; that the test results should be considered together with all the other evidence in the case, and that if there is a reasonable doubt in the minds of the jurors as to whether the defendant was under the influence of intoxicating liquor, they should

---

4. An excellent discussion of the difference between a rebuttable presumption and an inference can be found in *Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727 (1972). There the court said: "A rebuttable presumption is a means by which a rule of substantive law is invoked to force the trier of fact to reach a given conclusion, once the facts constituting its hypothesis are established, absent contrary evidence. See 9 Wigmore, Evidence § 2491 (3rd ed. 1940). An inference is no more than a logical tool enabling the trier of fact to proceed from one fact to another, if the trier believes that the weight of the evidence and the experiential accuracy of the inference warrant so doing. A rebuttable presumption forces the defendant to come forth or suffer inevitable defect on the issue in controversy. An inference, on the other hand, does not put the defendant in such a position. It does not shift the burden of going forward with the evidence, for the trier of fact can reject the inference in whole or in part. Moreover, an inference does not shift the burden of persuasion or relieve the Commonwealth of the burden of proving every essential element of the alleged offense beyond a reasonable doubt. See 9 Wigmore, *supra,* at § 2513." *Commonwealth v. Shaffer,* 447 Pa. at 105–106, 288 A.2d at 735–736.

return a verdict of 'not guilty.'" 458 Pa. at 200, 329 A.2d at 211.

In the instant case, the instructions given by the trial court did not highlight the non-compulsory nature of the "presumption" nor did it make clear the fact that the test results shall be considered together with the other evidence introduced. The lower court twice told the jury in unambiguous terms that as long as the Commonwealth proved beyond a reasonable doubt that the results of the breathalyzer test were 0.11 percent, then the guilt of the defendant-appellant was established. Though the trial court subsequently started to caution the jury that the presumption was not absolute, the effect of this abbreviated instruction did not satisfactorily rectify the erroneous instructions that the court first gave the jury, for the lower court quickly followed its brief clarification with the words: "But it is a presumption that he is under the influence of intoxicating liquors if the test shows the alcohol in his blood by weight to be point one-0 percent or more."

Because Mr. Gearhart was accused of the crime of driving while under the influence of liquor, instructing the jury to presume that the defendant-appellant was under the influence of alcohol if the Commonwealth prove beyond a reasonable doubt that the breathalyzer test showed 0.11 percent was the equivalent of instructing the jury to find the defendant guilty if they believed that the Commonwealth truthfully related the test results. This procedure negates the presumption of innocence because an accused's guilt or lack thereof is not then determined by a judge or jury but by some factor separate and apart from the courtroom. As *Commonwealth v. DiFrancesco* pointed out, the "presumption" contained in Section 624.1(c) is no more than an inference which may be accepted or rejected by the jury. In the instant case, the trial court overstated the effect of the "presumption" in Section 624.1(c), so the verdict of guilty must be reversed.

ORDER REVERSED.

WATKINS, former President Judge, and VAN der VOORT, J., did not participate in the consideration or decision of this case.