503 A.2d 448

COMMONWEALTH of Pennsylvania

v.

**Herbert HESS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 8, 1985.

Filed Jan. 10, 1986.

Robert B. Stewart, III, Huntingdon, for appellant.

Stewart L. Kurtz, District Attorney, Huntingdon, for Com., appellee.

Before SPAETH, President Judge, and BECK and MONTGOMERY, JJ.

BECK, Judge:

This is an appeal from a judgment of sentence for driving under the influence of alcohol, 75 Pa.C.S. § 3731(a)(1). We affirm.

Two policemen observed appellant swerve his pickup truck into an oncoming lane of traffic. Appellant returned to the proper lane, but again swerved into the opposite lane, nearly striking an approaching vehicle. The policemen radioed the nearby State Police barracks and Trooper Kuny responded. The trooper drove his car behind appellant's and noticed appellant's car wandering over the road.

Trooper Kuny pulled appellant to the side of the road. The trooper smelled alcohol and noticed that appellant's eyes were bloodshot. Appellant failed two field sobriety tests. Appellant could not walk straight on a "fog line" and appellant could not count slowly on his fingers. Appellant was then placed under arrest for driving under the influence of alcohol.

Appellant claims that the court erred in not suppressing the results of a breathalyzer test taken with the Intoxilyzer Model 4011–AS. He asserts that at the time the test was administered the two statutory preconditions for admission into evidence of the test results were not satisfied. 75

Pa.C.S. § 1547(c)(1). In order for the results to be admitted into evidence the testing device has to be approved for usage by the Department of Health and the procedures for administering the test have to be promulgated jointly by the departments of Health and Transportation.[1]

The narrow question is whether the two preconditions of subsection 1547(c)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(c)(1) (Supp.1985) (amending 75 Pa.C.S. § 1547(c)), must be satisfied prior to administration of the test or prior to trial.

The answer becomes clear when we examine the General Assembly's reasons for enacting the preconditions. The preconditions were established to assure that the results of the test were sufficiently reliable to have probative value. The preconditions involve the integrity of the device itself and the procedure for using it. It cannot be said that the reliability of the test result is vitiated if approval of the device and the procedures comes after the administration of the test. Whether or not the test has probative value is important at the guilt-determining phase of the procedure, not necessarily before. *See Commonwealth v. McGinnis,* 336 Pa.Super. 601, 486 A.2d 428 (1984).

*Commonwealth v. Benson,* 280 Pa.Super. 20, 421 A.2d 383 (1980), is directly on point. The principle established in *Benson* is identical to the one in the case sub judice. In both cases the inquiry focuses on the reliability of test results. We are not persuaded by appellant's argument that the cases are distinguishable. Both cases involve a device that measures the blood alcohol content in a person after the person exhales into the device. Appellant's argument that *Benson* can be distinguished because it was decided prior to the 1982 amendment to 75 Pa.C.S. § 1547(c) is without merit. The Code under both the 1976 and 1982 versions of subsection 1547(c) provides preconditions, al-

---

1. The device and the procedures for administration and for insuring the device's accuracy had been approved by the Department of Transportation at the time of administration of the test to appellant. The Department of Health approved the same well before the time of trial.

though not identical, to assure the reliability of blood alcohol tests at the guilt-determining phase of the proceeding.

■ *Benson* stands for the proposition that under subsection 1547(c) of the Vehicle Code as written in 1976 the precondition must be satisfied at the time of trial and not at the time the test is administered. We now hold that under subsection 1547(c) of the Vehicle Code as amended in 1982, the preconditions for admissibility of the test results must likewise be satisfied at the time of trial and not at the time the test is administered.

Appellant next complains that the court erroneously instructed the jury that if the jury found that the test results were accurate, then a conclusive presumption would be raised that appellant was incapable of driving. Appellant asserts that this conclusive presumption relieved the Commonwealth of its burden to prove every element of the offense of 75 Pa.C.S. § 3731(a)(1).

■ We disagree. In evaluating a jury charge for prejudicial and reversible error, the charge must be construed as a whole. " 'Error cannot be predicated on isolated excerpts of the charge. It is the general effect of the charge that controls.' " *Commonwealth v. Rhem*, 283 Pa.Super. 565, 575, 424 A.2d 1345, 1350 (1980) (citation omitted), *reargument denied*, February 11, 1981. The charge taken as a whole made clear that the test results raised a nonconclusive presumption which the jury was free to accept or reject as it saw fit. Further, the judge charged that the presumption was not conclusive and that the testimony relating to the test result should be weighed with all the other testimony. *Commonwealth v. DiFrancesco*, 458 Pa. 188, 329 A.2d 204; *Benson; Commonwealth v. Gearhart*, 253 Pa.Super. 238, 384 A.2d 1321 (1978).

■ Appellant objects finally to the amount of the fine imposed as part of the court's sentence. Judge Newton C. Taylor ably resolved this issue in his opinion. Clearly, the

court complied with the mandates of subsections 9726(c) and (d) of the Sentencing Code, 42 Pa.C.S. § 9726(c) and (d), in imposing a fine.

Judgment of sentence affirmed.

SPAETH, President Judge, files a dissenting opinion.

SPAETH, President Judge, dissenting:

I am unable to agree with the majority's conclusion that "[t]he charge taken as a whole made clear that the test results raised a nonconclusive presumption which the jury was free to accept or reject as it saw fit." Majority op. at 450. Regarding the test results, the trial court charged the jury that:

This evidence should be considered by you under the following guidelines: the test result requires you to find that the defendant was under the influence of alcohol. What this means is that the test result, if accepted by you as accurate and reliable, is conclusive evidence that the defendant was under the influence of alcohol and requires you to so find. You should consider the test result together with all of the other evidence in the case.

Now, if you conclude that you will accept the test result, then, in view of the fact that the test result was .10 or higher, that means that you must then assume and presume that the defendant was incapable of safe driving, because if you find that he was under the influence, then ipso facto, he was incapable of safe driving.

R.R. at 65.

These instructions were improper in a case, like this one, brought under 75 Pa.C.S. § 3731(a)(1). *See Commonwealth v. Gearhart*, 253 Pa.Super.Ct. 238, 384 A.2d 1321, 1323 (1978). Under § 3731(a)(1), the Commonwealth must prove that appellant was under the influence of alcohol and

incapable of safe driving; it is not relieved of this burden by the intoxilyzer test results.[1]

I should reverse and remand for a new trial.

SPAETH, President Judge, wrote this opinion before the expiration of his term on the Court.

---

1. The trial court's error may have occurred because the court apparently thought that appellant was charged under 75 Pa.C.S. § 3731(a)(4), which provides that "[a] person shall not drive, operate or be in actual control of the movement of any vehicle while ... the amount of alcohol by weight in the blood of the person is 0.10% or greater." *See* slip op. of trial ct. at 7.