2017 PA Super 263

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORDAN ANTHONY BATTY | : | No. 275 MDA 2017 |

Appeal from the Order Entered January 10, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002942-2015

BEFORE: BOWES, OLSON, JJ., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED AUGUST 16, 2017**

The Commonwealth appeals the January 10, 2017, order entered in the Court of Common Pleas of York County granting Appellee Jordan Anthony Batty's post-sentence motion and ordering a new trial.[1] Following a careful review, we reverse the order granting a new trial and reinstate Appellee's October 27, 2016, judgment of sentence.

The relevant facts and procedural history are as follows: On September 11, 2015, a jury convicted Appellee, who was represented by counsel, of receiving stolen property, firearms not to be carried without a

_____

[*] Former Justice specially assigned to the Superior Court.
[1] The Commonwealth is permitted to appeal as of right from an order awarding a new trial to a defendant. **See** Pa.R.A.P. 311(a)(6).

license, and possession of a firearm prohibited.[2]  On October 29, 2015, at the sentencing hearing, the lower court indicated that it believed Appellee's trial counsel had been ineffective during his closing argument and/or the court erred in issuing its jury instructions.  Accordingly, the lower court suggested Appellee should waive his direct appeal rights and make an oral motion for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

The lower court then sentenced Appellee to five to ten years in prison for possession of a firearm prohibited, a concurrent three and one-half to seven years in prison for possession of a firearm without a license, and a consecutive two and one-half to five years in prison for receiving stolen property. Immediately thereafter, despite the Commonwealth's objection, the lower court explained that an agreement had been reached whereby Appellee was waiving his direct appeal rights and making an oral motion for PCRA relief.  The lower court indicated it was granting the oral PCRA motion and directing that a new trial be held.

The Commonwealth filed a timely notice of appeal to this Court arguing that the lower court had erred in bypassing the proper procedures and rules for appellate and post-conviction review.  In an unpublished memorandum filed on June 29, 2016, we agreed with the Commonwealth,

---

[2] 18 Pa.C.S.A. §§ 3925(a), 6106(a)(1), and 6105(a)(1), respectively.

thus vacating the lower court's order, vacating Appellee's judgment of sentence, and remanding for resentencing. **See Commonwealth v. Batty**, No. 1961 MDA 2015 (Pa.Super. filed 6/29/16) (unpublished memorandum).

Upon remand, the lower court[3] appointed Appellee new counsel, and on October 27, 2016, Appellee proceeded to a sentencing hearing at which the lower court imposed the following sentence: three and one-half years to seven years in prison for receiving stolen property, a concurrent three and one-half years to seven years in prison for carrying a firearm without a license, and a consecutive five to ten years in prison for possession of a firearm prohibited. Thus, the lower court imposed an aggregate sentence of eight and one-half to seventeen years in prison. The lower court properly provided Appellee with his post-sentence and direct appeal rights.

On November 1, 2016, counsel filed on behalf of Appellee a motion to permit counsel to file a post-sentence motion *nunc pro tunc* due to counsel's recent appointment, and on November 3, 2016, the lower court granted the petition, expressly giving Appellee until November 23, 2016, to file his post-sentence motion.[4]

---

[3] We note that the judge who presided over Appellee's jury trial and October 29, 2015, sentencing hearing is not the same judge who presided over Appellee's October 27, 2016, sentencing hearing and post-sentence motion proceedings.

[4] We note the lower court properly permitted Appellee to file a post-sentence motion *nunc pro tunc*. It is well-settled that:
*(Footnote Continued Next Page)*

On November 23, 2016, Appellee filed a counseled post-sentence motion *nunc pro tunc*, to which the Commonwealth filed a motion to dismiss. By order and opinion filed on January 10, 2017, the lower court granted Appellee's request for a new trial. Specifically, the lower court agreed with Appellee that the court's jury instruction on the charge of possession of a firearm prohibited was erroneous and "usurped the function of the jury to determine a verdict in a criminal case[.]" Lower Court Opinion, filed 1/10/17, at 5. Specifically, the lower court held as follows:

> The defense stipulated that [Appellee] was a person not to possess. [Appellee] was found in possession of the weapon. The only issue left for [the] defense to argue was the operability of the weapon. A long line of case law requires the Commonwealth to prove that the "firearm" was operable or that [Appellee] at least had the immediate means to make it so, in order to sustain a conviction under [ ] Section [6105]. ***Commonwealth v. Layton***, 452 Pa. 495, 307 A.2d 843 (1973).
>
> ***
>
> During its instructions, the court told the jury that the elements of the offense "...are proven beyond a reasonable doubt." Further, the trial court told the jurors that it did not

*(Footnote Continued)* ───────────

> To be entitled to file a post-sentence motion *nunc pro tunc,* a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, *i.e.*, reasons that excuse the late filing....When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc.* If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc,* the court must do so expressly [within thirty days after the imposition of the sentence].

***Commonwealth v. Dreves***, 839 A.2d 1122, 1128 (Pa.Super. 2003) (*en banc*) (footnote omitted).

matter whether the firearm was operable, which is contrary to the statute and case law[.] The effect of the court's instructions was to instruct the jury that two of the necessary elements of the offense are proven beyond a reasonable doubt and that the Commonwealth did not have to prove the third. While it is not disputed that a judge can render an opinion concerning the evidence in the case, and there is even case law permitting a judge to comment on guilt or innocence, the failure to give an accurate instruction concerning the law is reversible error. The combined effect of the court's instructions on this matter was to direct a verdict in favor of the Commonwealth, which usurped the jury's function, and deprived the defendant of his right to have this offense decided by a jury.

*Id.* at 4-6 (citations to record, internal citation, and footnote omitted).

The Commonwealth filed this timely notice of appeal, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, the Commonwealth contends the lower court erred in granting Appellee's post-sentence motion and ordering a new trial. Specifically, the Commonwealth argues (1) the lower court erred in concluding the court's instruction was legally inaccurate on the basis the instruction failed to inform the jury as to a necessary element for the charge of possession of a firearm prohibited (*i.e.*, that the Commonwealth was required to prove the firearm was operable in order for the jury to convict Appellee of this offense), and (2) the lower court erred in concluding the court's instructions usurped the role of the jury by directing the jury to render a guilty verdict with regard to the offense of possession of a firearm prohibited.

Our standard of review in assessing a trial court's jury instruction is as follows:

> When evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that [ ] it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa.Super. 2014).

In charging the jury in the case *sub judice*, the trial court relevantly stated the following:

> We start with the fundamental principle of our system of criminal law that [Appellee] is presumed to be innocent. The mere fact that he is arrested and accused of a crime is not evidence against him.
>
> Furthermore, [Appellee] is presumed innocent throughout the trial and unless and until you conclude based upon careful and impartial consideration of the evidence that the Commonwealth has proved him guilty beyond a reasonable doubt.
>
> I'll define reasonable doubt in just a moment. That means that it is not [Appellee's] burden to prove that he is not guilty. Instead, it is the Commonwealth that always has the burden of proving each and every element of the crime charged and that [Appellee] is guilty of the crime beyond a reasonable doubt.
>
> A person accused of a crime is not required to present evidence or prove anything in his own defense. If the Commonwealth's evidence fails to meets its burden, then your verdict must be not guilty.
>
> On the other hand if the Commonwealth's evidence does prove beyond a reasonable doubt that [Appellee] is guilty, then your verdict should be guilty.
>
> ***

A reasonable doubt is defined as a doubt that would cause a reasonably careful and sensible person to hesitate before acting upon a matter of importance in his or her own affairs.

\*\*\*

So as the jury is the judge of the facts; therefore, the jury judges and is the sole judge of the credibility of the witnesses and their testimony. And this means you must judge the truthfulness and accuracy of each witness' testimony and decide whether to believe all, part, or none of that testimony.

\*\*\*

You may find that there was conflicting information given to you. If there was a conflict in the testimony, then the jury has the duty of deciding which testimony to believe. But first you should try to reconcile; that is, to fit together any kind of conflicts if you can do so.

\*\*\*

All that is necessary is whatever type of evidence you use be sufficient to convince you beyond a reasonable doubt.

\*\*\*

Now let's turn to the actual charges. There are three charges. One is that [Appellee] possessed a firearm when he is a person who is prohibited from possessing a firearm. The second is that he possessed it without a license. Third is that he possessed recently stolen property.

And so you'll actually have three verdicts. One verdict for each of those three counts. So it will be guilty or not guilty of charge one, guilty or not guilty of charge two, guilty or not guilty of charge three.

In order to prove that [Appellee] has committed the offense of possessing a weapon when prohibited, the following elements have to be proven by the Commonwealth. They are proven beyond a reasonable doubt.

First, that [Appellee] was a person who was prohibited by law to possessing a weapon. Normally, that would be part of the testimony that would have been provided to you. In this case, it's not disputed. Counsel agreed we'll just skip that stage in the proceedings. We will stipulate that it is agreed and, in fact, [Appellee] is prohibited. So that's a given for you in the case

and you need not question any further as to that particular element.

The next element is that it was more likely than 60 days from the time that he became a person prohibited by law. So in effect, if you become prohibited and you own a weapon at that time that you reached the status, you have a grace period of 60 days to get rid of the weapon without being guilty of a violation.

The question you have to ask yourself is, when did he become prohibited? That date was stipulated. That date that was stipulated to was more than 60 days. So again, you have to go through and apply the stipulation and make your finding.

And in regard to that specific offense, the term firearm includes any weapon that is designed or may be readily converted to expel a projectile by means of an explosive. It also includes the frame or receiver of such weapon. So even if the weapon would not be operable, it still would be illegal for [Appellee] to possess it because of his prohibited status.

So defense counsel raised an issue of operability in regard to the second charge, that of carrying the weapon without a license. And the issue of operability is present as to that charge. It is not present as to possessing it by a person who is prohibited.

So whether it was operable or not matters not if he possessed a gun as I've just defined it for that Section. He would be guilty of the crime.

For a person to possess a firearm, that person must have the intent to control and power to control the firearm. So it is up to you to determine if, in fact, there was—this gun that was put into evidence was, in fact, taken from [Appellee's] waistband; and if he was carrying it around in his waistband, if he possessed it as is required for this offense.

\*\*\*

Some final concluding instructions. It is the Court's responsibility to decide questions of law. Therefore, you must accept and follow my rulings and my instructions regarding matters of law.

However, the judge is not to determine the facts of the case. The jury is the sole judge of the facts. So it is your responsibility to consider the evidence, to find the facts, and to

apply the law as I've given it to you to determine if [Appellee] has been found guilty beyond a reasonable doubt.

N.T., 9/11/15, at 125-26, 130, 132, 136, 138-41, 149.

In the case *sub judice*, as indicated *supra*, in granting Appellee's post-sentence motion and awarding a new trial, the lower court first determined that the instant jury instruction inaccurately and incorrectly defined the elements necessary for a conviction under Section 6105, possession of a firearm prohibited. Specifically, citing to **Commonwealth v. Layton**, 452 Pa. 495, 307 A.2d 843 (1973), the lower court determined that the court's instruction should have informed the jury that the Commonwealth was required to prove that the firearm was operable, or Appellee had the means to make it operable, in order to convict Appellee of possession of a firearm prohibited. Accordingly, since the instruction informed the jury that operability was not an element of the crime, the lower court determined that the court's jury instruction constituted reversible error requiring a new trial as to that charge. For the reasons discussed *infra*, we agree with the Commonwealth that the trial court's jury instruction accurately and clearly set forth the elements for the jury's consideration as to the crime of possession of a firearm prohibited, and therefore, a new trial was not required on this basis.

In **Commonwealth v. Thomas**, 988 A.2d 669 (Pa.Super. 2009), this Court held the following:

In order to obtain a conviction under [Section] 6105, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a firearm and that he was convicted of an enumerated offense that prohibits him from possessing, using, controlling, or transferring a firearm. The term "firearm" is defined in that [S]ection as any weapon that is "designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon." 18 Pa.C.S.[A.] § 6105(i).

\*\*\*

[Thomas] does not dispute that the revolver was designed to expel bullets or that he attempted to destroy it in the presence of the arresting officer; he simply maintains that a defendant cannot be convicted under [S]ection 6105 unless the weapon is found to be operable. In leveling this argument, [Thomas] relies upon [**Layton**, **supra**], and **Commonwealth v. Stevenson**, 894 A.2d 759 (Pa.Super. 2006). [W]e reject this claim[.]

In **Layton**, **supra**, our Supreme Court reversed a conviction for illegal possession of a handgun because the weapon was inoperable, and the record failed to establish why the gun would not fire. However, that case was decided under a provision of the Uniform Firearms Act, 18 P.S. § 4628, which has been repealed and replaced by [S]ection 6105. The current statute applies to any weapon that is designed to fire ammunition containing an explosive charge, whereas [S]ection 4628 contained much narrower language and defined a firearm as "any pistol or revolver with a barrel less then twelve inches, any shotgun with a barrel less than twenty-four inches or any rifle with a barrel less than fifteen inches." Thus, contrary to [Thomas'] position, **Layton** is neither controlling nor instructive because that decision is based upon statutory language that was rewritten in 1995.

[Thomas'] reliance on **Stevenson**, **supra**, is similarly misplaced. In that case, [Stevenson] was convicted of [possession of a firearm prohibited] after police officers recovered a Beretta handgun from his person during an investigatory detention. [Stevenson] challenged his conviction on the basis that the gun was inoperable, citing evidence that the firing pin fell out while the weapon was being test-fired. This Court upheld [Stevenson's] conviction under **Layton**, reasoning that the Beretta was "clearly operable" for purposes of [S]ection

6105 because it functioned normally during the initial test-firing session and continued to function after the firing pin was reinserted. *Id.* at 776.

[Thomas] argues that **Stevenson** is significant because it "interpreted the current version of the Uniform Firearms Act, and [the **Stevenson** Court] clearly reasoned that operability remains an element for the offense at issue [in his case]." While we agree that **Stevenson** was decided after the current version of the Act became effective, we are not persuaded that operability is an essential element of [S]ection 6105 based upon that case. **Layton** and the other firearm possession cases cited in **Stevenson** were published several years before the legislature materially altered the definition of a firearm for purposes of [S]ection 6105 and certain enumerated [S]ubsections of [S]ection 6106. Under the revised definition, an individual is subject to criminal prosecution if he unlawfully possesses: (1) any weapon that is specifically designed to or may readily be converted to expel a projectile by means of an explosive; or (2) the frame or receiver of such a weapon. **See** 18 Pa.C.S.[A.] § 6105(i)[.] The statutory language is clear, and it does not require proof that the weapon was capable of expelling a projectile when it was seized; on the contrary, the fact that a person can be prosecuted simply for possessing a semiautomatic pistol frame refutes this notion because the frame requires additional parts, *e.g.,* a slide and barrel, in order to fire a bullet. Thus, the use of the terms "frame" and "receiver" in [S]ection 6105(i) demonstrates that the legislature sought to eliminate the operability requirement articulated in **Layton** for purposes of this [S]ection.

The **Stevenson** Court did not review the pertinent statutory language and proceeded to analyze [Stevenson's] claims in accordance with **Layton**, which was no longer applicable to a conviction under this [S]ection. Nevertheless, it correctly denied relief on the basis that [Stevenson] possessed a handgun that was specifically designed to shoot bullets. Accordingly, that decision does not preclude us from reviewing [Thomas'] argument under the appropriate standard.

- 11 -

*Thomas*, 988 A.2d at 670-72 (citations and footnote omitted).  *See Commonwealth v. Miklos*, 159 A.3d 962, 967 (Pa.Super. 2017) ("To sustain a conviction for the crime of persons not to possess a firearm,[5] the Commonwealth must prove that '[the appellant] possessed a firearm and that he was convicted of an enumerated offense that prohibits him from possessing, using, controlling, or transferring a firearm.'") (quoting *Thomas*, 988 A.2d at 670 (Pa. Super. 2009) (footnote added)).

Based on the aforementioned, we agree with the Commonwealth that the trial court's charge in the instant case adequately conveyed to the jury the correct elements for the offense of possession of a firearm prohibited. Specifically, the trial court informed the jury that the elements of the crime are that the person was prohibited by law from possessing a firearm and that Appellee's possession of the firearm had to be more than sixty days after he became prohibited from so doing.  N.T., 9/11/15, at 139-41. Further, the trial court properly defined the term "possession" as well as "firearm."  *Id.*  Moreover, contrary to the lower court's ruling on Appellee's post-sentence motion, the trial court properly clarified for the jury that the Commonwealth was not required to prove that the firearm was "operable" in order to convict Appellee of possession of a firearm prohibited.  *See Thomas*, *supra*.

---

[5] Case law refers to the offense codified at 18 Pa.C.S.A. § 6105 as persons not to possess a firearm and/or possession of a firearm prohibited.

The next reason provided by the lower court in granting Appellee's post-sentence motion and awarding a new trial is that the trial court's jury instruction "direct[ed] a verdict in favor of the Commonwealth, which usurped the jury's function, and deprived [Appellee] of his right to have this offense decided by a jury." Lower Court Opinion, filed 1/10/17, at 6. In so concluding, the lower court focused on the following portion of the trial court's charge:

> In order to prove that [Appellee] has committed the offense of possessing a weapon when prohibited, the following elements have to be proven by the Commonwealth. *They are proven beyond a reasonable doubt.*

N.T., 9/11/15, at 139 (emphasis added).

We note:

> It is well-established that an accused in a criminal case is entitled to presumption of innocence; the Commonwealth is the party that must come forward with the evidence to establish guilt. An accused is not required to disprove his alleged guilt of an element of an offense. In all criminal cases, the Commonwealth must establish the defendant's guilt beyond a reasonable doubt.

***Commonwealth v. Gearhart***, 384 A.2d 1321, 1323 (Pa.Super. 1978) (*en banc*) (citations omitted).

Our jurisprudence denounces instructions which direct a verdict of guilt. "Directed verdicts of guilt in criminal cases negate the presumption of innocence and, as such, are never permissible." ***Id.*** (footnote and citation omitted).

- 13 -

Here, the Commonwealth argues that, while the trial judge may have misspoken in the isolated sentence highlighted by the lower court in ruling on Appellee's post-sentence motion,[6] when read in its entirety, the trial court's jury instruction fairly conveyed the appropriate legal principles and did not direct a verdict of guilt as to the offense of possession of a firearm prohibited. We agree.

For instance, with regard to the instant offense, the trial court properly instructed the jury that Appellee stipulated to the fact he was prohibited from possessing a weapon, as well as stipulated to the date his prohibition began. The trial court then informed the jury that, even though Appellee had so stipulated, the jury still had to "go through and apply the stipulation and make your finding." N.T., 9/11/15, at 140. The trial court further informed the jury of the correct definition for "firearm." *Id.* The trial court specifically instructed the jury to make factual and credibility determinations as to whether Appellee possessed such an item. *Id.* at 141.

Moreover, the trial court repeatedly instructed the jury throughout its charge that the jury was the finder of fact and the Commonwealth was required to prove Appellee's guilt as to each offense beyond a reasonable doubt. The trial court explained Appellee was charged with three offenses

---

[6] We note that Appellee did not object to this portion of the jury instruction at trial. Thus, the trial court was never given the opportunity to clarify to the jury whether it had misspoken and intended to say "they are **to be** proven beyond a reasonable doubt."

and, for each offense, the jury had to render a verdict of guilty or not guilty. *Id.* at 139.

Thus, viewing the instruction as a whole, we agree with the Commonwealth that the general effect of the charge accurately and fairly conveyed the legal principle at issue, did not compel the jury to render a particular verdict, and did not usurp the jury's function. **Commonwealth v. Bracey**, 831 A.2d 678, 684 (Pa.Super. 2003) ("In reviewing a challenged jury instruction, we must review the charge as a whole and not simply isolated portions, to ascertain whether it fairly conveys the required legal principles at issue.") (citation and quotation omitted)); **Commonwealth v. Clark**, 683 A.2d 901, 904 (Pa.Super. 1996) ("Error will not be predicated on isolated excerpts.  Instead, it is the general effect of the charge that controls.") (citation omitted)).

For all of the aforementioned reasons, we reverse the lower court's order granting Appellee a new trial and we reinstate Appellee's October 27, 2016, judgment of sentence.

January 10, 2017, order for new trial REVERSED; October 27, 2016, judgment of sentence REINSTATED; jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2017

- 15 -