J-S68024-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
THOMAS MARTIN BALDWIN :
:
Appellant : No. 1975 MDA 2016

Appeal from the Judgment of Sentence July 19, 2016
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000752-2015

BEFORE:  LAZARUS, DUBOW and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.: **FILED MARCH 01, 2018**

I respectfully dissent.  The record clearly shows that the trial court granted newly appointed counsel's request for an extension to file a post-sentence motion following receipt of the requested trial transcripts.  Order of Court, 7/21/2016 ("Defense counsel shall have 30 days from the date of receipt of the transcript within which to file any post-sentence motions.").  The trial court had jurisdiction to grant that request as it was granted via an order filed two days after Appellant was sentenced.  ***See Commonwealth v. Moore***, 978 A.2d 988, 991 (Pa. Super. 2009) (holding that trial court had authority to grant July 31, 2008 motion for extension of time to file post-sentence motion following Moore's judgment of sentence on July 23, 2008, and that "the trial court erred when it averred that it lacked jurisdiction to permit [Moore] to file his post-sentence motion *nunc pro tunc.*").

*Retired Senior Judge assigned to the Superior Court.

The Majority's analysis elevates form over substance. Although I agree with the Majority that the trial court did not use the magic words "*nunc pro tunc*" in that July 21, 2016 order, I find that nonetheless the trial court did expressly grant Appellant the right to file a post-sentence motion *nunc pro tunc*. **See Commonwealth v. Batty**, 169 A.3d 70, 72 n.4 (Pa. Super. 2017) (holding that trial court properly permitted Batty to file a post-sentence motion *nunc pro tunc* where "[o]n November 1, [] counsel filed on behalf of [Batty] a motion to permit counsel to file a post-sentence motion *nunc pro tunc* due to counsel's recent appointment, and on November 3, [] the lower court granted the petition, expressly giving [Batty] until November 23, [] to file his post-sentence motion."). Moreover, when ordering the post-sentence motion hearing, the trial court here referred to the motion as a "*nunc pro tunc* motion." Order of Court, 9/26/2016.

The Majority attempts to alter the plain meaning of the July 21, 2016 order with a statement from the post-sentence motion hearing that the trial court implicitly granted, at the time of sentencing, an extension of 30 days **from the date of sentencing** to file a post-sentence motion. Majority's Memorandum at 2-3 (quoting N.T. 11/22/2016, at 2-12). However, this statement contradicts the explicit language of the July 21, 2016 order, wherein the trial court granted counsel's request to file a post-sentence motion within "30 days **from the date of receipt of the transcript**[.]" Order of Court, 7/21/2016 (emphasis added).

- 2 -

Based on the foregoing, I find that the trial court granted Appellant's request to file a post-sentence motion *nunc pro tunc*, Appellant complied with that order in filing his post-sentence motion,[1] and his appeal from the denial of that motion is timely. Accordingly, I would not quash.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/18

---

[1] It is unclear when counsel received the requested transcript. However, even if counsel received it on July 21, 2016, the date that counsel was appointed to represent Appellant, the post-sentence motion filed on August 19, 2016 was filed within 30 days from that date.