J-S63032-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
BRANDON MARCEL CRABLE :
:
Appellant : No. 599 WDA 2018

Appeal from the Judgment of Sentence April 4, 2018
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001769-2017

BEFORE: OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E: FILED DECEMBER 19, 2018

Appellant, Brandon Marcel Crable, appeals from the judgment of sentence of five to ten years of confinement, which was imposed after his jury trial convictions for: possession of firearm with altered manufacturer's number; possession of firearm prohibited; flight to avoid apprehension, trial, or punishment; escape; possession of a small amount of marijuana for personal use; and use or possession of drug paraphernalia.[1] After a careful review, we affirm.

In its opinions, the trial court fully and correctly sets forth the facts and procedural history underlying this case. See Trial Court Opinion, filed

_____

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6110.2(a), 6105(a)(1), 5126(a), 5121(a), and 35 P.S. § 780-113(a)(31)(i) and (a)(32), respectively.

February 5, 2018, at 1-4; Trial Court Opinion, filed June 7, 2018, at 2-4. Relevantly, we note that, on November 3, 2017, Appellant filed an omnibus pretrial motion, including a motion to suppress a photograph found on his cellular telephone ("the Phone") when police searched the contents of the Phone without a warrant. On January 10, 2018, the trial court held a hearing on the suppression motion, during which the Commonwealth presented the testimony of Corporal Patrick Bouch of the Pennsylvania State Police. N.T., 1/10/2018, at 5.

Corporal Bouch testified that, on February 11, 2017, at 2:40 a.m., in Uniontown City, he conducted a traffic stop on a vehicle with dark tinted windows and an inoperable license plate light; during the stop, a passenger, later identified as Appellant, opened his door and fled the vehicle on foot, leaving behind the Phone. Id. at 5-8, 10-12. Corporal Bouch testified that the driver and another passenger denied ownership of the Phone. Id. at 12.

Corporal Bouch observed that, while fleeing, Appellant had "his right arm . . . pinned against his body in a rigid fashion" and appeared to be concealing something against his side. Id. at 11. Corporal Bouch testified that he "felt there was exigency in order to identify" the absconder, given that Appellant "ran from [the] stop[,]" appeared to "be concealing a firearm[,]" and "may come into contact with Uniontown City [o]fficers[.]" Id. at 11-12.

Corporal Bouch further testified that the Phone had "no locking device[,]" and, due to these circumstances, he opened the photographs saved

on the Phone, looking for a photograph of Appellant in order to identify him. Id. at 13. The corporal asserted that he immediately saw a photograph of Appellant "holding an AR 15 style rifle with clear after market modification[,]" including the removal of its serial number. Id. at 13-14. Corporal Bouch added that he later obtained a search warrant for the entirety of the Phone. Id. at 14.

On February 5, 2018, the trial court denied the suppression motion, finding abandonment and exigent circumstances.[2] Trial Court Opinion, filed February 5, 2018, at 5. The case proceeded to a jury trial, and following his convictions, Appellant was sentenced on April 4, 2018.

On April 24, 2018, Appellant filed this timely direct appeal, and the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement.[3] Appellant timely complied on May 4, 2018, presenting the following issues in his Rule 1925(b) statement (verbatim):

> Issue No. 1: Whether the Suppression Court committed reversible error in denying the Defendant's request to suppress the search of the cell phone, for which the Commonwealth lacked probable cause.
>
> Issue No. 2: Whether the evidence was legally and factually sufficient to prove that the Defendant committed the crime of possession of a firearm prohibited.

_____

[2] The trial court filed an opinion in support of its denial of Appellant's suppression motion on February 5, 2018.

[3] The trial court's order complied with Pa.R.A.P. 1925(b)(c) pertaining to required contents of the trial court's Rule 1925(b) order.

Concise Statement of the Matters Complained on Appeal, 5/4/2018.[4]

In his brief to this Court, Appellant presents the following issues for our review:

> [1.] Whether the evidence was legally and factually sufficient to prove that Appellant committed the crime of possession of a firearm prohibited.
>
> [2.] Whether the suppression court committed reversible error in denying Appellant's request to suppress the search of the cell phone, for which the Commonwealth lacked probable cause.

Appellant's Brief at 4 (issues re-ordered to facilitate disposition) (trial court's answers omitted).

Preliminarily, we note that "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." In re J.G., 145 A.3d 1179, 1189 (Pa.Super. 2016) (citation omitted). In his Rule 1925(b) statement, reproduced in its entirety above, Appellant did not state with specificity the element or elements upon which he alleges that the evidence was insufficient. See Concise Statement of the Matters Complained on Appeal, 5/4/2018, at ¶ 2. See also Commonwealth v. Batty, 169 A.3d 70, 76-77 (Pa.Super. 2017) (listing elements of possession of firearm prohibited).

In its Rule 1925(a) opinion, the trial court urges this Court to find Appellant's sufficiency claim waived because he did "not identify which

---

[4] The trial court filed a responsive opinion pursuant to Pa.R.A.P. 1925(a) on June 7, 2018.

elements he alleges to be lacking for the possession of a firearm prohibited offense. With such a blank, indistinct, and vague Concise Statement, th[e] [trial] court is left with mere speculation as to what specifically Appellant complains of on appeal as insufficient." Trial Court Opinion, filed June7, 2018, at 5. We agree and find Appellant's sufficiency issue to be waived. See J.G., 145 A.3d at 1189.

Appellant next contends that "the suppression court committed reversible error in denying [his] request to suppress the search of the cell phone, for which the Commonwealth lacked probable cause." Appellant's Brief at 8. Appellant argues that "[t]his warrantless search was unreasonable in light of the circumstances, and the evidence against [] Appellant should be suppressed." Id. at 10. Although Appellant's brief is unclear as to how the outcome of his trial would have changed if the photographs found on the Phone had been suppressed, see id. at 8-10, we infer that he is suggesting he would not have been convicted of the two firearms charges: possession of firearm with altered manufacturer's number and possession of firearm prohibited. See also id. at 13.

> The standard of review for an order denying a suppression motion is as follows:
>
>> In reviewing the denial of a suppression motion, our role is to determine:
>>
>>> whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence

of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

Commonwealth v. Jones, 605 Pa. 188, 988 A.2d 649, 654 (2010) (internal quotations and citations omitted). Our scope of review is limited to the evidence presented at the suppression hearing. In re L.J., 622 Pa. 126, 79 A.3d 1073, 1080 (2013).

Commonwealth v. Mackey, 177 A.3d 221, 226 (Pa.Super. 2017).

Commonwealth v. Thran, 185 A.3d 1041, 1043 (Pa.Super. 2018).

As noted above, the trial court found exigent circumstances to search the Phone. Trial Court Opinion, filed February 5, 2018, at 5. Exigent circumstances are an exception to the warrant requirement, excusing the need for a warrant where "prompt police action is imperative" - i.e., when the delay in obtaining a search warrant would result in personal injury or the loss of evidence. Commonwealth v. Hakim Johnson, 969 A.2d 565, 569 (Pa.Super. 2009) (citation omitted); accord Schmerber v. California, 384 U.S. 757 (1966).

[V]arious factors need to be taken into account to assess the presence of exigent circumstances; for example: (1) the gravity of the offense; (2) whether the suspect is reasonably believed to

be armed; (3) whether there is a clear showing of probable cause; (4) whether there is a strong reason to believe that the suspect is within the premises being entered; (5) whether there is a likelihood that the suspect will escape if not swiftly apprehended; (6) whether the entry is peaceable; (7) the timing of the entry; (8) whether there is hot pursuit of a fleeing felon; (9) whether there is a likelihood that evidence will be destroyed if police take the time to obtain a warrant; and (10) whether there is a danger to police or other persons inside or outside of the dwelling to require immediate and swift action.

Commonwealth v. Brian Johnson, 68 A.3d 930, 937 (Pa.Super. 2013) (quoting Commonwealth v. Dean, 940 A.2d 514, 522 (Pa.Super. 2008)).

In the case sub judice, police reasonably believed Appellant was armed based on the way in which he ran from the scene, appearing to conceal something against his side. N.T., 1/10/2018, at 11. See Brian Johnson, 68 A.3d at 937 (factor (2)). The officer did not need to enter any premises in order to obtain or to search the Phone. N.T., 1/10/2018, at 12. See Brian Johnson, 68 A.3d at 937 (factor (4)). Appellant opened the car door and fled from a traffic stop, and thus there was a likelihood that he would escape if not swiftly apprehended. N.T., 1/10/2018, at 10-11. See Brian Johnson, 68 A.3d at 937 (factor (5)). The search was "peaceable," as it only involved looking through saved files on the Phone and did not require police to break physical or digital locks, to destroy property, or otherwise to disturb anyone. N.T., 1/10/2018, at 13-14. See Brian Johnson, 68 A.3d at 937 (factor (6)). The search occurred immediately after Appellant had fled, and Corporal Bouch searched for a photograph in order to identify Appellant to assist other officers involved in the pursuit. N.T., 1/10/2018, at 10-14. See Brian Johnson, 68

A.3d at 937 (factors (7) and (8)). Given that Appellant was running away while appearing to conceal a weapon, there was a likelihood that Appellant could have destroyed or hidden the weapon if police had taken the time to obtain a warrant before searching the Phone. N.T., 1/10/2018, at 10-13. See Brian Johnson, 68 A.3d at 937 (factor (9)). If Appellant still had a weapon on his person, there could be danger to other persons, including to the other police officers who Corporal Bouch knew were in the area. N.T., 1/10/2018, at 12-13. See Brian Johnson, 68 A.3d at 937 (factor (10)).

Hence, when taking into account the factors to assess the presence of exigent circumstances enumerated in Brian Johnson, 68 A.3d at 937, we find that the majority of the factors were present to some degree. Accordingly, we agree with the trial court that exigent circumstances were present when Corporal Bouch searched the Phone, that no warrant was required for the search, and that the search thereby was proper. Trial Court Opinion, filed February 5, 2018, at 5. See Hakim Johnson, 969 A.2d at 569.[5]

For the above reasons, Appellant's first issue is waived and, with respect to his second issue, Appellant is not entitled to relief. Consequently, we affirm the judgment of sentence.

_____

[5] As we concur with the trial court that exigent circumstances existed, we need not analyze whether the trial court's alternate rationale for finding the search of the Phone to be proper— abandonment— was correct, Trial Court Opinion, filed February 5, 2018, at 5, including whether the Phone was voluntarily discarded and whether Appellant had the clear intent to relinquish control of his property.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/19/2018</u>